UNITED STATES of America

v.

William DAY, a/k/a William McNeil, Appellant.

No. 91–1938.

United States Court of Appeals, Third Circuit.

Argued May 7, 1992.

Decided July 13, 1992.

**40**

Cheryl J. Sturm (argued), West Chester, Pa., for appellant.

Michael M. Baylson, U.S. Atty., Joel M. Friedman, Asst. U.S. Atty., Chief, Organized Crime Strike Force, Ronald G. Cole (argued), Asst. U.S. Atty., Organized Crime Strike Force, Philadelphia, Pa., for appellee.

Before: BECKER, NYGAARD, and ROTH, Circuit Judges.

## OPINION OF THE COURT

BECKER, Circuit Judge.

William Day appeals from the dismissal of his pro se petition brought under 28 U.S.C. § 2255 (1988), in which he seeks to have his conviction and sentence set aside. Day's primary claim is that his trial counsel afforded him ineffective assistance of counsel regarding a plea offer by giving him substandard advice about his sentence exposure under the Sentencing Guidelines.

More specifically, Day alleges that his counsel failed to explain his possible career offender status and told him that the maximum prison sentence that he could receive if he stood trial was eleven years, when in fact he is serving nearly twenty-two years and could have received a far greater sentence. Day contends that this deficient advice led him to decline a plea offer that would have resulted in a five-year sentence. He now seeks to plead guilty pursuant to the alleged plea bargain and to have that five-year sentence imposed instead of his current sentence.

The district court for the Eastern District of Pennsylvania denied Day's petition without holding a hearing or directing a response from the government. The court held that no prejudice can inure from a not-guilty plea, and that even if prejudice could result, there is no reliable way to reconstruct what would have happened had Day been properly counseled. The court also implied that Day's proposed remedy of specific performance would be inappropriate because the government has lost whatever benefit it would have gained from any plea bargain. Finally, the district court rejected Day's additional claims that (1) when sentencing him, the court failed to recognize its authority to depart from the Guideline range, and (2) under 21 U.S.C. § 851 (1988) the government was required to, but did not, provide him with advance notice that it would seek to enhance his sentence under the career offender provisions. Day's appeal from the district court's order dismissing his petition presents all these issues.

We hold that Day's petition raises a facially valid claim of ineffective assistance of counsel during plea bargaining. We have previously held that constitutionally significant prejudice can inhere from ineffective assistance at that stage, and Day's petition alleges both clearly deficient performance by counsel and sufficient prejudice. The district court therefore erred in not conducting a hearing on that claim, unless it can conclude on remand that there is no "reasonable probability" that it would have approved the alleged plea agreement. We also hold that the district court proper-

ly dismissed Day's other two claims without a hearing. The district court's order will therefore be affirmed in part and vacated in part, and the case remanded for further proceedings.

## I. PROCEDURAL HISTORY

A jury convicted Day along with five codefendants of possession with intent to distribute and conspiracy to distribute a large quantity of cocaine, in violation of 21 U.S.C.A. §§ 841 and 846 (West, 1981 & 1992 Supp.). Day's Presentence Investigation Report calculated his offense level as 28 (a base level of 26, plus 2 because a handgun was present) and his criminal history category as IV (he had 8 points). Those scores would have created a sentence range of 110 to 137 months (9 years, 2 months to 11 years, 5 months).[1] Because Day had two previous convictions for violent felonies, however, the probation officer noted that Day might be considered a career offender under U.S.S.G. § 4B1.1, under which his offense level would be elevated to 34 (the statutory maximum for the offense was more than 25 years) and his criminal history category to VI. The district court concluded that Day was a career offender and sentenced him to 262 months (21 years, 10 months) in prison, at the bottom of the applicable range of 262 to 327 months. On direct appeal, we summarily affirmed. *United States v. Day*, 902 F.2d 1562 (3d Cir.1990).

Day, acting pro se, then filed a petition under 28 U.S.C. § 2255 to set aside his conviction and sentence. Day's petition raised two grounds for relief. First, he alleged that his trial counsel's failure to advise him of the impact of his prior convictions on his potential sentence deprived him of effective assistance of counsel when deciding whether to accept a plea offer.[2] Day also attacked his sentence on the ground that the district court mistakenly believed it lacked the authority to depart below the Guideline range, even though, in

Day's view, his criminal history score grossly overrepresented the seriousness of his criminal history. Day later amended his petition to allege a third ground: that the government failed to notify him, as he argues is required by 21 U.S.C. § 851 (1988), that his sentence might be enhanced because he was a career offender.

Day subsequently retained counsel, who filed an entry of appearance and a motion for leave to amend the petition. Although the district court had taken no action and the government had not responded to Day's petition, the district court did not grant Day's motion for leave to amend. Instead, in a written opinion, the district court denied Day's petition outright without holding an evidentiary hearing. Day filed a timely appeal, over which we have jurisdiction under 28 U.S.C. §§ 2253 and 2255 (1988).

## II. DISCUSSION

### A. *The District Court's Duty and Our Standard of Review*

Section 2255 itself limits the discretion of a district court to summarily dismiss a petition brought under that section:

*Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief,* the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255 (emphasis added).

We have described the district court's duty, and our standard of review, as follows:

When a motion is made under 28 U.S.C. § 2255 the question of whether to order a hearing is committed to the sound discretion of the district court. In exercising that discretion the court must accept the truth of the movant's factual

---

1. Absent the two-level enhancement for the gun, which the district court apparently rejected, the range would have been 92 to 115 months (7 years, 8 months to 9 years, 7 months).

2. Additionally, Day claimed that his appellate counsel was ineffective for failing to raise his trial counsel's ineffective assistance on appeal.

allegations unless they are clearly frivolous on the basis of the existing record. Further, the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.... Accordingly we review this matter to determine if the trial court abused its discretion in not ordering a hearing.

*Virgin Islands v. Forte,* 865 F.2d 59, 62 (3d Cir.1989) (citation omitted). See also Rule 4(b) of the Rules Governing Section 2255 Proceedings.

### B. Ineffective Assistance of Counsel Regarding Sentence Exposure and Plea Bargaining

The principles governing ineffective assistance of counsel claims are familiar, and we need not belabor them here. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To gain relief for a violation of this right, a defendant must show both unprofessional conduct and, in most cases, prejudice as a result. More precisely, the claimant must show that (1) his or her attorney's performance was, under all the circumstances, unreasonable under prevailing professional norms, see *id.* at 687–91, 104 S.Ct. at 2064–66, and, unless prejudice is presumed, that (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result would have been different," *id.* at 694, 104 S.Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

### 1. Day's Allegations

■ Day's petition alleges that his trial counsel failed to explain that Day might be classified as a career offender and be subject to enhanced penalties under the Sentencing Guidelines. Day claims that had he been told of his true sentence exposure, he would have accepted the government's plea bargain offer and received a five-year sentence instead of the approximately twenty-two-year sentence that he now

faces. We must construe the allegations in Day's pro se petition liberally, and we may not subject his petition to the standards that we would apply to pleadings drafted by lawyers. See, for example, *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam). Moreover, at this stage of the proceedings, we must accept the factual allegations in Day's petition as true. *Forte,* 865 F.2d at 62.

Day was represented through trial and sentence, although not on appeal, by Nino Tinari. At critical times, Tinari's son Eugene Tinari also represented Day. According to Day's petition, several weeks before trial, Nino Tinari affirmatively misrepresented that Day faced a maximum sentence of eleven years in prison. On the day that his trial was to begin, Day alleges, Eugene Tinari informed him that the government had offered a five-year sentence as part of a plea bargain. Eugene Tinari, however, allegedly did not explain or discuss the merits of the offer, as opposed to standing trial. According to Day, Eugene Tinari did not discuss the (overwhelming) strength of the government's case, nor did Eugene Tinari mention sentence exposure, even after Day indicated that he was inclined to stand trial because Nino Tinari had stated that the maximum sentence was only eleven years. Day claims that he would have accepted the government's plea bargain offer had he been advised that, if convicted, he would be classified as a career offender and subject to a sentence as long as the one he actually received.

### 2. Deficient Performance of Counsel

■ We believe that Day's petition states a claim for substandard performance of counsel under the first prong of *Strickland v. Washington. United States ex rel. Caruso v. Zelinsky,* 689 F.2d 435 (3d Cir.1982), is particularly instructive. Caruso alleged that the county prosecutor had offered his trial counsel a plea bargain whereby in exchange for a guilty plea on one murder charge, all other charges would be dropped. Caruso claimed that his counsel never communicated the offer to him,

and that, as a result, he stood trial and received a mandatory life sentence instead of the lesser sentence that he would have received under the plea bargain. *Id.* at 437. We held that the plea bargain stage was a critical stage at which the right to effective assistance of counsel attaches, and we concluded that Caruso's allegations stated a Sixth Amendment claim. *Id.* at 437–38.

Although in this case Day concedes that he was notified of the terms of the plea bargain, he alleges that the advice that he received was so incorrect and so insufficient that it undermined his ability to make an intelligent decision about whether to accept the offer. That, we hold, also states a Sixth Amendment claim.

We cannot state precisely what standard defense counsel must meet when advising their clients about the desirability of a plea bargain and, concomitantly, about sentence exposure. Because the Sentencing Guidelines have become a critical, and in many cases, dominant facet of federal criminal proceedings, we can say, however, that familiarity with the structure and basic content of the Guidelines (including the definition and implications of career offender status) has become a necessity for counsel who seek to give effective representation.[3]

We do not suggest that, to comply with the Sixth Amendment, counsel must give each defendant anything approaching a detailed exegesis of the myriad arguably relevant nuances of the Guidelines. Nevertheless, a defendant has the right to make a reasonably informed decision whether to accept a plea offer. See *Hill v. Lockhart,* 474 U.S. 52, 56–57, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) (voluntariness of guilty plea depends on adequacy of counsel's advice); *Von Moltke v. Gillies,* 332 U.S. 708, 721, 68 S.Ct. 316, 322, 92 L.Ed. 309 (1948) ("Prior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered.").

Knowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty. See, for example, *Williams v. State,* 326 Md. 367, 605 A.2d 103 (1992) (counsel's conduct was constitutionally deficient in failing to advise petitioner of mandatory 25–year sentence upon conviction at trial when offer to plead guilty to lesser offense involved exposure only to 10–year sentence); *Commonwealth v. Napper,* 254 Pa.Super. 54, 385 A.2d 521 (1978) (counsel ineffective in giving no advice about desirability of plea offer with three-year maximum sentence when trial risked ten to forty years and defendant's chances of acquittal were slim).[4]

---

3. For this reason, the district courts in this circuit would be well advised to make available on a periodic basis the programs of Sentencing Guideline education that they conducted when the Guidelines first became effective.

4. Our decision here regarding the duty of *defense counsel* should not be construed as imposing on the *district courts* any duty, beyond the requirements of Federal Rule of Criminal Procedure 11(c)(1), to detail a defendant's sentence exposure during guilty plea colloquies. Under Rule 11(c)(1), before accepting a guilty plea, the district court must advise the defendant of
the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term, the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances, and, when appli-
cable, that the court may also order the defendant to make restitution to any victim of the offense....
The drafters of the most recent amendment to Rule 11 observed that
The amendment mandates that the district court inform a defendant that the court is required to consider any applicable guidelines but may depart from them under some circumstances. This requirement assures that the existence of guidelines will be known to a defendant before a plea of guilty or nolo contendere is accepted. Since it will be impracticable, if not impossible, to know which guidelines will be relevant prior to the formulation of a presentence report and resolution of disputed facts, the amendment does not require the court to specify which guidelines will be important or which grounds for departure might prove to be significant. The advice that the court is required to give cannot guarantee that a defendant who pleads guilty will not later claim a lack of understanding as to the

Therefore, we conclude that if Day is correct that he was seriously misled about his sentence exposure when the likelihood of his conviction was overwhelming, he received ineffective assistance of counsel. Of course, we do not know at this juncture whether the government in fact made a five-year plea bargain offer to Day, nor do we know precisely what and when the Tinaris actually advised Day.[5] On appeal, the government suggests that Day is a classic second-guesser of a strategy (namely, standing trial) that was sound at the time but looks mistaken in retrospect. That may be, but in the absence of a record we simply cannot tell. Further proceedings are necessary to determine whether the Tinaris' performance was in fact deficient.

### 3. Prejudice

Even if Day received substandard assistance from counsel, to justify relief he must prove sufficient prejudice. The district court ruled that Day could not have suffered prejudice because a defendant can suffer no prejudice by standing a fair trial. That view has some force.[6] We squarely rejected it, however, in *Caruso*, where we wrote:

> importance of guidelines at the time of the plea. No advice is likely to serve as a complete protection against post-plea claims of ignorance or confusion. By giving the advice, the court places the defendant and defense counsel on notice of the importance that guidelines may play in sentencing and of the possibility of a departure from those guidelines. A defendant represented by competent counsel will be in a position to enter an intelligent plea.

Advisory Committee Note to the 1989 Amendment to Rule 11.

> On the other hand, neither our decision nor the amended rule
>
> > limit[s] the district court's discretion to engage in a more extended colloquy with the defendant in order to impart additional information about sentencing guidelines or to inquire into the defendant's knowledge concerning guidelines.

Id. See also Advisory Committee Note to the 1974 Amendment to Rule 11 (judge may, but need not, inform defendant of additional consequences of a guilty plea, beyond those listed in the Rule).

5. Day has alleged that Nino Tinari is willing to testify at a hearing that he did advise Day that

The State argues that because Caruso received a fair trial he is not entitled to a habeas remedy even if he could prove ineffective assistance of counsel in the manner alleged. This argument is untenable on the plea bargaining issue. Failure by defense counsel to communicate a plea offer to defendant deprives defendant of the opportunity to present a plea bargain for the consideration of the state judge and, on acceptance by the state judge, to enter a guilty plea in exchange for a lesser sentence. A subsequent fair trial does not remedy this deprivation.

689 F.2d at 438 (citation omitted).

Other circuits have reached similar conclusions. See *United States v. Rodriguez,* 929 F.2d 747, 753 & n. 1 (1st Cir.1991) (per curiam); *Turner v. Tennessee,* 858 F.2d 1201, 1205 (6th Cir.1988), vacated on other grounds, 492 U.S. 902, 109 S.Ct. 3208, 106 L.Ed.2d 559 (1989), reinstated, 726 F.Supp. 1113 (1989), aff'd, 940 F.2d 1000 (1991), cert. denied, —— U.S. ——, 112 S.Ct. 915, 116 L.Ed.2d 815 (1992); *Johnson v. Duckworth,* 793 F.2d 898, 902 (7th Cir.1986); *Beckham v. Wainwright,* 639 F.2d 262, 267 (5th Cir.1981).[7]

Day might qualify as a career offender, but that he did not explain what that meant. According to Day, Nino Tinari would also testify that he did not explain the Guidelines provisions to Day. However, no affidavit from either Tinari appears in the current record.

6. For a detailed recent expression, see *In re Alvernaz,* 2 Cal.App. 4th 1059, 1068–80, 282 Cal. Rptr. 601, 605–14 (1991), aff'd on other grounds, 2 Cal. 4th 924, 8 Cal.Rptr.2d 713, 830 P.2d 747 (1992). See also *Rasmussen v. State,* 280 Ark. 472, 658 S.W.2d 867, 869 (1983) (Adkisson dissenting).

7. Most state courts reaching the issue have also agreed that prejudice from counsel's failure to provide adequate representation during plea bargaining is possible, despite a subsequent fair trial. See, for example, *People v. Alvernaz,* 2 Cal. 4th 924, 936, 8 Cal.Rptr.2d 713, 720–21, 830 P.2d 747, 754–55 (1992); *Lloyd v. State,* 258 Ga. 645, 373 S.E.2d 1, 3 (1985); *People v. Whitfield,* 40 Ill.2d 308, 239 N.E.2d 850, 852 (1968); *Lyles v. State,* 178 Ind.App. 398, 382 N.E.2d 991, 994 (1978); *People v. Alexander,* 136 Misc.2d 573, 518 N.Y.S.2d 872, 880 (Sup.Ct.1987); *Larson v. State,* 104 Nev. 691, 766 P.2d 261, 262–63 (1988);

In short, we and most other courts have concluded that the Sixth Amendment right to effective assistance of counsel guarantees more than the Fifth Amendment right to a fair trial. Because we conclude that prejudice is theoretically possible, the question becomes whether Day alleges sufficient prejudice in fact, which requires consideration of whether Day would have accepted the alleged plea offer and whether the district court would have approved it.

The government mocks Day's contention that although he did not plead guilty when he believed that his sentence exposure was approximately eleven years, he would have pleaded guilty had he known that he would receive a sentence of almost twenty-two years. We do not find the contention so implausible that it was properly dismissed without a hearing. Day was fortunate to be sentenced at the low end of the Guideline range for career offenders, so, if his claim is true, he risked far more than an extra ten years and five months in jail. But even using the lower figure, we do not find it at all implausible that a young man would think twice before risking over 3800 extra days in jail just to gain the chance of acquittal of a crime that he knew that he had committed.

The district court's opinion instead emphasized how difficult it will be to determine whether Day would have pleaded guilty had he received better advice from counsel. In its view,

> [t]here is no reliable way for the court to reconstruct what would have happened had defendant more fully contemplated the plea option. He may have pled guilty and he still may not have. There is no reliable way for the court to hypothesize as to what sentence would have been imposed had defendant pled guilty. He may have testified or he may not have. He may have testified truthfully or he may not have. He may have provided "substantial" assistance to the government or he may not have. See U.S.S.G. § 5K1.1.

Echoing that view on appeal, the government cites *Johnson v. Duckworth,* 793 F.2d at 902 n. 3, where the Seventh Circuit, in dictum, expressed doubt whether Johnson's self-serving, post-conviction testimony regarding his wish to accept a plea offer would be sufficient, by itself, to establish a "reasonable probability" that he would have accepted the plea agreement.[8] The Seventh Circuit subsequently adopted as a holding a requirement of some "objective evidence" that a petitioner would have accepted a plea offer. See *Toro v. Fairman,* 940 F.2d 1065, 1068 (7th Cir.1991), cert. denied, — U.S. —, 112 S.Ct. 3038, 120 L.Ed.2d 907 (1992). Other circuits have demanded likewise. See, for example, *Diaz v. United States,* 930 F.2d 832, 835 (11th Cir.1991) (awareness of plea offer and after-the-fact testimony concerning desire to plead is insufficient evidence); *Turner,* 858 F.2d at 1206 (similar). See also *Alvernaz,* 2 Cal. 4th at 937–38, 8 Cal.Rptr.2d at 722, 830 P.2d at 756.

We need not decide whether to impose a requirement of some additional evidence here, when the petitioner has not had a chance to make a full record. In any event, even in Day's uncounseled petition he has alleged that he told Eugene Tinari that he elected to stand trial because he faced only an eleven-year sentence. If Eu-

*State v. Simmons,* 65 N.C.App. 294, 309 S.E.2d 493, 498 (1983); *Commonwealth v. Copeland,* 381 Pa.Super. 382, 554 A.2d 54, 61 (1988); *Hanzelka v. State,* 682 S.W.2d 385, 387 (Tex.Ct.App. 1984); *Ex Parte Wilson,* 724 S.W.2d 72, 74 (Tex. Ct.Crim.App.1987); *State v. James,* 48 Wash. App. 353, 739 P.2d 1161, 1167 (1987); *State v. Ludwig,* 124 Wis.2d 600, 369 N.W.2d 722, 726–28 (1985); *Tucker v. Holland,* 174 W.Va. 409, 327 S.E.2d 388, 394–96 (1985). See also *State v. Kraus,* 397 N.W.2d 671, 675–76 (Iowa 1986) (misadvice by trial judge regarding plea bargain was prejudicial enough to grant defendant opportunity to retender guilty plea).

**8.** Day need not prove with absolute certainty that he would have pleaded guilty, that the district court would have approved the plea arrangement, and that he therefore would have received a lesser sentence. *Strickland v. Washington* does not require certainty or even a preponderance of the evidence that the outcome would have been different with effective assistance of counsel; it requires only "reasonable probability" that that is the case. See 466 U.S. at 693–94, 104 S.Ct. at 2067–68. See also *Hill v. Lockhart,* 474 U.S. at 57, 106 S.Ct. at 369–70 (applying same standard where guilty plea allegedly entered due to ineffective assistance of counsel).

gene Tinari confirms Day's allegation, Day will have had his lawyer back up his own self-serving allegations, which might qualify as sufficient confirming evidence.[9] Compare *Lewandowski v. Makel,* 949 F.2d 884, 889 (6th Cir.1991) (concluding that petitioner was prejudiced by relying on both petitioner's testimony and fact that petitioner had originally pleaded guilty when well counseled, but withdrew plea after receiving substandard legal advice); *Turner,* 858 F.2d at 1206 (finding sufficient corroborating evidence that petitioner would have agreed to plea offer from his having made a fairly close counteroffer, and concluding that adequate advice from counsel might well have tipped the scales); *Williams,* 605 A.2d at 110 (finding showing of prejudice sufficient where plea offer was much more favorable than actual sentence, petitioner testified that he would have accepted plea offer, and at trial petitioner had followed counsel's advice not to testify in light of his criminal history).

The government also suggests that even if Day had accepted the alleged plea offer, the district court would not have approved the sentence because such a sentence would have required a government motion for a departure under U.S.S.G. § 5K1.1 for substantial assistance in the investigation or prosecution of another. The government points out that Day has not alleged that he offered to give or did give such assistance, and thus it reasons that he has not shown sufficient prejudice. But even if Day shoulders the burden of affirmatively proving that the district court would have approved the bargain (as would be necessary),[10] he has not yet been afforded the opportunity to rebut the government's argument, first raised on appeal, or even the chance to file a counseled pleading.[11]

In this case, as is normally the case with section 2255 petitions, the district judge was the original trial judge, and any plea bargain would have been subject to his approval. It is quite possible that the district judge can conclude from a review of the existing records or from an answer by the government that there is not even a "reasonable probability" that, at the time of trial, he would have approved the plea agreement that Day alleges. If so, he can properly dismiss Day's petition without a hearing. But the present denial of Day's petition did not rest on that ground, and with this record we cannot reach that conclusion on appeal.

9. In its opinion dismissing the petition, the district court expressed concern that defense counsel (although not specifically the Tinaris) might engage in a newfangled sort of "sandbagging":

> The logical extension of defendant's position is that by failing fully to discuss the pros and cons of a plea bargain proposal, a defense attorney can ensure that, if convicted, his client can obtain the benefit of such a bargain without incurring the obligations invariably associated therewith.

For a similar view, see *State v. Kraus,* 397 N.W.2d 671, 674–75 (Iowa 1986). Underlying these statements is apparently a concern that trial counsel will deliberately engage in ineffective assistance or will assist a petitioner in fabricating a claim of ineffective assistance on collateral attack.

We agree that courts should be wary of this sort of claim because defendants will always want the best of both worlds: the chance at acquittal at trial, yet the chance to plead guilty if the trial defense fails. Nevertheless, we do not think that such concerns justify refusing to consider this sort of claim altogether.

Most defense lawyers, like most lawyers in other branches of the profession, serve their clients and the judicial system with integrity. Deliberate ineffective assistance of counsel is not only unethical, but usually bad strategy as well. For these reasons and because incompe-tent lawyers risk disciplinary action, malpractice suits, and consequent loss of business, we refuse to presume that ineffective assistance of counsel is deliberate. Moreover, to the extent that petitioners and their trial counsel may jointly fabricate these claims later on, the district courts will have ample opportunity to judge credibility at evidentiary hearings.

10. In *Turner,* the Sixth Circuit rejected Tennessee's position that Turner had to prove that the state trial court would have accepted his plea arrangement. It concluded instead that once the petitioner proved that he would have accepted a plea offer, the state bore the burden of proving that the trial court would have rejected the agreement. 858 F.2d at 1207. But see *Alvernaz,* 2 Cal. 4th at 941, 8 Cal.Rptr.2d at 724, 830 P.2d at 758 (rejecting presumption that trial court would have approved plea bargain). We take no position on that issue.

11. Day's petition does not specifically allege that the district court would have approved the plea bargain. It does allege, however, that, had the Tinaris given effective assistance, Day would only be serving a five-year sentence, which necessarily assumes that the district court would have approved the plea bargain. In a pro se petition, which must be construed liberally, that allegation is clearly sufficient.

We must therefore vacate this portion of the district court's judgment and remand this issue for further proceedings. The district judge should allow Day's retained counsel to amend his petition to clarify his allegations. Unless the district judge can then conclude that there is no "reasonable probability" that he would have approved the alleged plea agreement, he should order the government to answer the amended petition and hold an evidentiary hearing.

### 4. Appropriate Remedy

█ Because no hearing has been held on the merits of Day's claim, discussion of any appropriate remedy is premature. Nevertheless, we feel it necessary to comment upon the district court's suggestion that any relief would be unfair to the government. The district court may well be correct that a plea bargain would be of little value to the government now: the expense of trial has been undergone, the jury has resolved any pretrial uncertainties about the verdict, and Day is unlikely to be able to provide substantial assistance against his cohorts. Moreover, the remedy for a Sixth Amendment violation "should be tailored to the injury suffered and should not unnecessarily infringe on competing interests." *United States v. Morrison,* 449 U.S. 361, 364, 101 S.Ct. 665, 668, 66 L.Ed.2d 564 (1981).

That suggests that a second opportunity to accept a plea agreement ought not to be automatic, but it does not follow that the relief of "specific performance" of a plea bargain is *never* appropriate, as the district court seemed to hold. The cases cited above reveal a variety of different approaches to this problem, which the district court may wish to consider *if* this case reaches that stage. See, for example, *Turner,* 858 F.2d at 1208, *Alvernaz,* 2 Cal. 4th at 943–44, 8 Cal.Rptr.2d at 725–26, 830 P.2d at 759–60 (no presumption of vindictiveness; prosecutor may reinstate former offer or may elect to retry the defendant and to resume the plea negotiation process); and 940 F.2d at 1001–02 (petition-er had no absolute right to reinstatement of plea offer, but the government could withdraw the offer only upon a showing that the withdrawal was not vindictive); *Williams,* 605 A.2d at 110–11 (authorizing petitioner to enter guilty plea pursuant to plea offer and be resentenced accordingly); *Tucker v. Holland,* 174 W.Va. 409, 327 S.E.2d 388, 396 (1985) (directing trial court to consider, but not necessarily to accept, guilty plea); *Napper,* 385 A.2d at 524 (refusing to compel reinstatement of plea offer or to dictate sentence; affording petitioner opportunity to renew pretrial bargaining, with new trial to result if negotiations failed).

For now, we simply observe that the district court would have considerable discretion in fashioning a remedy appropriate under the circumstances today. It could properly factor into its evaluation any circumstances that have changed since the plea offer was made, including, for example, information revealed at trial, as well as any legitimate (nonvindictive) reasons why the prosecution may no longer favor the plea agreement.

### C. *Day's Other Claims*

█ We can dispose of Day's other claims with dispatch. In Day's original petition, he contended that his Guidelines criminal history score seriously overrepresented the magnitude of his past criminal conduct, and that the district court labored under the false assumption that it could not depart downward on that ground. It is not clear whether Day continues to press this point, but it is clear that the district court properly dismissed the claim. The district judge ruling on Day's petition was the same judge who had sentenced him, and his opinion confirms that he recognized his power to depart, but felt that on that record he could not conscientiously find that Day's criminal history category " 'significantly' overrepresented the seriousness of his criminal history or likelihood that he would commit further crimes" under the policy statement in U.S.S.G. § 4A1.3.

█ In his amended petition, Day also alleged that the district court erred in sentencing him as a career offender after the

government failed to give him notice of his career offender status before trial. Day contends that such notice is required by 21 U.S.C. § 851(a)(1) (1988), which provides that a person convicted of a violation of various drug offenses cannot be sentenced to "increased punishment" based on prior convictions unless, before trial or entry of a guilty plea, the government files an information specifying the convictions on which it intends to rely. The government responds that Day was sentenced pursuant to U.S.S.G. § 4B1.1 and that his sentence did not exceed the statutory maximum, and hence subsection 851(a)(1) was inapplicable.

We hold that subsection 851(a)(1) requires the government to file a pretrial information only if it intends to seek a sentence beyond the maximum provided by the statute, Part D of title 21 U.S.C. As virtually every circuit has held, the government is not required to file a pretrial information to subject a defendant to sentencing as a career offender under U.S.S.G. § 4B1.1. See *United States v. Sanchez,* 917 F.2d 607, 616 (1st Cir.1990), cert. denied, —— U.S. ——, 111 S.Ct. 1625, 113 L.Ed.2d 722 (1991); *United States v. Whitaker,* 938 F.2d 1551, 1552 (2d Cir.1991) (per curiam), cert. denied, —— U.S. ——, 112 S.Ct. 977, 117 L.Ed.2d 141 (1992); *United States v. Marshall,* 910 F.2d 1241, 1244-45 (5th Cir.1990), cert. denied, —— U.S. ——, 111 S.Ct. 976, 112 L.Ed.2d 1061 (1991); *United States v. Meyers,* 952 F.2d 914, 917-19 (6th Cir.), cert. denied, —— U.S. ——, 112 S.Ct. 1695, 118 L.Ed.2d 407 (1992); *United States v. Koller,* 956 F.2d 1408, 1417 (7th Cir.1992); *United States v. Wallace,* 895 F.2d 487, 489-90 (8th Cir. 1990); *United States v. McDougherty,* 920 F.2d 569, 574 (9th Cir.1990), cert. denied, —— U.S. ——, 111 S.Ct. 1119, 113 L.Ed.2d 227 (1991); *United States v. Novey,* 922 F.2d 624, 627-29 (10th Cir.), cert. denied, —— U.S. ——, 111 S.Ct. 2861, 115 L.Ed.2d 1028 (1991); *Young v. United States,* 936 F.2d 533, 535-36 (11th Cir. 1991). Day relies on *United States v. Williams,* 899 F.2d 1526, 1529 (6th Cir. 1990), but even the Sixth Circuit has limited *Williams* to statutory enhancements rather than Guideline enhancements, see *Mey-*

*ers,* 952 F.2d at 919. Casting our lot with this great weight of authority, we conclude that the district court properly dismissed this portion of Day's petition.

### III. CONCLUSION

In summary, we hold that the district court properly dismissed Day's two claims that he was improperly sentenced, but that it erred in dismissing his claim that his trial counsel gave him ineffective assistance regarding his decision not to accept an alleged plea offer. The order of the district court dismissing Day's petition will therefore be affirmed in part and vacated in part, and the case remanded for further proceedings consistent with this opinion.