**UNITED STATES of America**

v.

**Eric J. WIENER.**

No. 3:CR–95–290.
No. 3:00–CV–01489.

United States District Court,
M.D. Pennsylvania.

Jan. 17, 2001.

Eric Wiener, pro se.

Kim Douglas Daniel, U.S. Attorney's Office, Harrisburg, PA, for U.S.

## MEMORANDUM

VANASKIE, Chief Judge.

## I. BACKGROUND

Eric J. Wiener, an attorney practicing in the Harrisburg, Pennsylvania area, was indicted on November 21, 1995. The government charged Wiener with two (2) counts of Wire Fraud and one (1) count of Sale of a Stolen Vehicle in connection with his attempt to sell and ultimate sale of a 1994 Jeep Grand Cherokee Limited. On April 28, 1997, following a five (5) day trial, a jury convicted Wiener of the wire fraud charges, but deadlocked on the sale of a stolen vehicle count.

On May 2, 1997, Wiener filed several post-trial motions. (Dkt. Entry 58.) Specifically, Wiener moved for a judgment of acquittal, contending that there was insufficient evidence to support his conviction for wire fraud and that the jury verdict was inconsistent as the jury failed to reach a verdict on the sale of a stolen vehicle count. Wiener also moved for an arrest of judgment, contending that (1) the government had failed to demonstrate that he had committed an unlawful offense; and (2) the jury's inability to reach a unanimous verdict on the remaining count created an inconsistency in the verdict. Finally, Wiener moved for a new trial, arguing that this Court improperly denied his motion for dismissal based upon selective prosecution, and that the jury was improperly influenced by reason of the prosecutor having "highlighted" certain portions of exhibits after their admission but prior to their being submitted to the jury during deliberations. This Court denied Wiener's post-trial motions, finding that there was ample evidence to support the wire fraud convictions and that there was no fatal inconsistency in the jury failing to reach a verdict on the remaining count of sale of a stolen vehicle. Moreover, Wiener's selective prosecution claim was also found to be without merit. While the highlighting of exhibits after they were admitted into evidence was found to be improper, Wiener had not been prejudiced by this misconduct in light of the fact that (1) there had been extensive highlighting of exhibits, without objection, before their admission into evidence, and (2) the evidence against Wiener on the wire fraud counts was overwhelming.

On October 5, 1998, following this Court's denial of Wiener's post-trial motions, Wiener was sentenced to a prison term of fifteen months, a $51,346 fine, and one year supervised release. On October 14, 1998, Wiener filed a notice of appeal from the judgment of conviction entered in this matter. On appeal, Wiener argued

that this Court erred in (1) concluding that there was sufficient evidence of his intent to defraud; (2) allowing jurors to pose questions during the trial; and (3) denying his motion for a hearing on the issue of whether the prosecutor's highlighting of exhibits already admitted into evidence constituted misconduct sufficient to require a mistrial. Wiener also claimed that this Court erred in applying a two-level increase for wilful obstruction of justice pursuant to U.S.S.G. § 3C1.1, and in finding that it was required to impose a fine pursuant to U.S.S.G. § 5E1.2(d)(7). By an unpublished opinion dated August 4, 1999, the Third Circuit affirmed the judgment of conviction and fifteen month sentence, but remanded for reconsideration of the amount of the fine to be imposed. On February 29, 2000, this Court re-sentenced Wiener to a prison term of fifteen months, one year of supervised release, and a $20,000 fine. Wiener commenced service of his sentence on March 20, 2000.

On August 21, 2000, Wiener filed a motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255.[1] In his motion, Wiener claims that his attorney rendered ineffective assistance by (1) failing to request a charge instructing the jury that a fiduciary relationship is required in order to base a conviction upon a non-disclosure or omission of material fact; (2) failing to move for dismissal of the indictment for its failure to conform to the wire fraud statute; (3) failing to request a specific unanimity instruction in light of the purported defect in the indictment; (4) failing to advise Wiener of the sentencing guidelines so as to allow him to make an informed decision as to whether to enter into a plea agreement; (5) failing to object to the prosecutor's highlighting of exhibits submitted to the jury; and (6) failing to

object to the questioning of witnesses by jurors during the trial. The government has responded to the § 2255 motion, and Wiener has filed reply to the government's response. This matter is now ripe for a determination as to whether any of Wiener's claims warrant an evidentiary hearing. With the exception of Wiener's ineffective assistance of counsel claim based upon the alleged failure to advise him of the applicable sentencing guidelines, I find that Wiener's claims of ineffective assistance of counsel may be dismissed without an evidentiary hearing.

## II. DISCUSSION

In order to obtain reversal of a conviction based upon ineffective assistance of counsel, a defendant must establish that his lawyer's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the defendant's case. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As to the first prong of an ineffective assistance claim, the defendant must show that "counsel's conduct was professionally unreasonable." *Hartey v. Vaughn*, 186 F.3d 367, 372 (3d Cir.1999), *cert. denied*, 528 U.S. 1138, 120 S.Ct. 983, 145 L.Ed.2d 933 (2000). In making this determination, substantial deference is to be accorded counsel's tactical decisions. *Government of Virgin Islands v. Weatherwax*, 77 F.3d 1425, 1431 (3d Cir.), *cert. denied*, 519 U.S. 1020, 117 S.Ct. 538, 136 L.Ed.2d 423 (1996). Furthermore, if there is no merit to the defendant's underlying claim of what counsel should or should not have done, counsel cannot be deemed ineffective. *Hartey*, 186 F.3d at 372. As to the prejudice prong of an ineffective assistance claim, the defendant

---

1. 28 U.S.C. § 2255 provides:
   A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without juris-

diction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

▮ Wiener claims that his attorney rendered ineffective assistance by failing to advise Wiener of the sentencing guidelines so as to allow him to make an informed decision as to whether to enter into a plea agreement. Wiener contends that prior to trial the government offered a plea agreement providing for a guilty plea to one count of Wire Fraud, a $50,000 fine, and a recommendation of probation. Moreover, Wiener claims that his lawyer failed to inform him that there was a possibility of imprisonment and that this Court could apply a two-level sentence enhancement for obstruction of justice if it was found that Wiener testified falsely on the stand. It is Wiener's position that had he been properly advised on these matters, he would have accepted the plea agreement.

The Third Circuit has held that a defendant who alleges that he received advice from his counsel that was so incorrect and insufficient that it undermined his ability to make an intelligent decision about whether to accept a plea offer states a Sixth Amendment claim. *See United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992). "Because the Sentencing Guidelines have become a critical, and in many cases, dominant facet of federal criminal proceedings, ... familiarity with the structure and basic content of the Guidelines ... has become a necessity for counsel who seek to give effective representation." *Id.* The Third Circuit did "not suggest that, to comply with the Sixth Amendment, counsel must give each defendant anything approaching a detailed exegesis of the myriad arguably relevant nuances of the Guidelines. Nevertheless, a defendant has the right to make a reasonably informed decision whether to accept a plea offer."

*Id.* (citations omitted). Furthermore, "[k]nowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty." *Id.* (citations omitted).

In the absence of a record, this Court is unable to determine whether counsel's performance was deficient. At this juncture, this Court does not know whether the government had in fact made such a plea offer and what was actually advised. Wiener must provide evidence that a plea offer did in fact exist and that there was such a failure to properly advise him of the sentencing guidelines that it undermined his ability to make an informed decision about whether to enter into the plea agreement. *See id.* at 44 ("if [the defendant] is correct that he was seriously misled about his sentence exposure when the likelihood of his conviction was overwhelming, he received ineffective assistance of counsel"). Moreover, in order to determine whether Wiener suffered actual prejudice by the alleged substandard performance, this Court must consider whether Wiener would have accepted the alleged plea agreement had he received better advice and whether it would have made a difference in Wiener's sentence. *See id.* at 45. Accordingly, a hearing shall be held for this purpose.

▮ Wiener's remaining claims of ineffective assistance of counsel lack arguable merit. As to his claims of ineffective assistance based upon the failure to object to the highlighting of exhibits after they were admitted into evidence and the failure to object to juror questioning of witnesses, the Third Circuit finding that Wiener was not entitled to a new trial on either of these grounds forecloses a finding of ineffective assistance. *Hartey*, 186 F.3d at 372.

▮ Also without substantive merit is Wiener's assertion that there must be a fiduciary relationship with the victim of a fraudulent scheme in order to convict the

defendant under the wire fraud statute where, as here, there has been a non-disclosure of material facts. Under the wire fraud statute, a fraudulent misrepresentation "may be effected by deceitful statements of half-truths or the concealment of material facts and the devising of a scheme for obtaining money or property by such statements or concealments." *United States v. Olatunji*, 872 F.2d 1161, 1167 (3d Cir.1989). "[F]raud is a broad concept that 'is measured in a particular case by determining whether the scheme demonstrated a departure from fundamental honesty, moral uprightness, or fair play and candid dealings in the general life of the community.'" *United States v. Monostra*, 125 F.3d 183, 186 (3d Cir.1997). A fiduciary relationship is not a *sine qua non* of a wire fraud prosecution where, as here, the evidence shows that the defendant concealed or failed to disclose material facts while also making partial or ambiguous statements that warrant additional disclosure to avoid being misleading. *See United States v. Autuori*, 212 F.3d 105, 119 (2d Cir.2000); *United States v. Biesiadecki*, 933 F.2d 539, 543 (7th Cir.1991). Wiener has not cited any authority to the contrary.

▇▇▇ In the regard, *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406 (3d Cir.), *cert. denied*, 501 U.S. 1222, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991), on which Wiener relies, does not stand for the proposition that the seller of a product cannot be held liable for the failure to disclose a material fact to a prospective purchaser. Instead, *Kehr* is consistent with the proposition that the court is to consider the totality of the circumstances in ascertaining whether the non-disclosure can reasonably be regarded as deceptive. *See Emery v. American General Finance, Inc.*, 71 F.3d 1343, 1347 (7th Cir.1995) ("Whether a failure to disclose is fraudulent depends upon context."). It is not the existence of a common law or statutory duty that alone makes a non-disclosure criminal; it is whether the failure to disclose can be re-

garded as intending to defraud or obtain money or property by deceit. It is in this sense that a failure to disclose may support a conviction. *See United States v. Colton*, 231 F.3d 890, 901 (4th Cir.2000) ("What is essential is proof of a 'scheme or artifice to defraud,' which can be shown by deceptive acts or contrivances intended to hide information, mislead, avoid suspicion, or avert further inquiry into a material matter."); *United States v. Keplinger*, 776 F.2d 678, 697–98 (7th Cir.1985), *cert. denied*, 476 U.S. 1183, 106 S.Ct. 2919, 91 L.Ed.2d 548 (1986) ("It requires no extended discussion of authority to demonstrate that omissions or concealment or material information can constitute fraud cognizable under the mail fraud statute, without proof of a duty to disclose the information pursuant to a specific statute or regulation.").

In this case, the government both alleged and presented evidence that supported a conclusion that Wiener intentionally misrepresented that the reason for selling the Jeep was to obtain a larger vehicle to tow motorcycles. Wiener's failure to disclose his strong suspicion that the Jeep was stolen must be considered in the context of this affirmative misrepresentation. Under these circumstances, a fiduciary duty to disclose was not required. *See Colton*, 231 F.3d at 900–01; *Biesiadecki*, 933 F.2d at 543. Accordingly, because the existence of a fiduciary relationship was not a *sine qua non* of a conviction in this case, Wiener's attorney cannot be regarded as ineffective in failing to request a charge to that effect.

▇▇▇ Wiener also claims that his lawyer rendered ineffective assistance by not moving for dismissal of the indictment for its failure to conform to the wire fraud statute. Specifically, the indictment charged Wiener in the conjunctive, while the wire fraud statute, 18 U.S.C. § 1343, is written in the disjunctive.[2] However, "this

---

**2.** The indictment states that Wiener "did

knowingly and willfully devise and execute a

apparent inconsistency presents no difficulty, for it is settled law that where a statute denounces an offense disjunctively, the offense may be charged conjunctively in the indictment." *United States v. Niederberger,* 580 F.2d 63, 68 (3d Cir.) (citations omitted), *cert. denied,* 439 U.S. 980, 99 S.Ct. 567, 58 L.Ed.2d 651 (1978). Moreover, "[w]here the relevant statute lists alternative means of violation, '[t]he general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive ... the verdict stands if the evidence is sufficient with respect to any of the acts charged.'" *United States v. Cusumano,* 943 F.2d 305, 311 (3d Cir.1991) (*quoting Turner v. United States,* 396 U.S. 398, 420, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970)), *cert. denied,* 502 U.S. 1036, 112 S.Ct. 881, 116 L.Ed.2d 785 (1992). In the instant case, this Court held and the Third Circuit affirmed that there was sufficient evidence from which a reasonable jury could conclude that Wiener used interstate wire communications in furtherance of his attempt to effectuate a scheme to defraud Joseph Grow and Robert Gullo into purchasing his Jeep, despite his concerns that it was a stolen vehicle. Therefore, the indictment's nonconformity to the statute is immaterial. Accordingly, since this claim lacks legal merit, Wiener has failed to demonstrate any prejudice from the failure to raise this issue.

■ Wiener also contends that his counsel was ineffective in failing to request a specific unanimity instruction in light of the defect in the indictment. Specifically, Wiener argues that because there was no specific unanimity charge to the jury, "it is impossible to tell whether the jury was unanimous as to the conduct found to vio-

late the statute. Was it an artiface [sic] to defraud or to obtain money through material misrepresentations or both?" (Wiener's Brief, at p. 5.) This argument, however, is also without merit, as a specific unanimity instruction was not required in this case.

■ "Typically, a general unanimity instruction 'will ensure that the jury is unanimous on the factual basis for a conviction even where an indictment alleges numerous factual bases for criminal liability.'" *United States v. Medical Services Corps, Inc.,* 43 F.Supp.2d 499, 503 (D.Del. 1999) (*quoting United States v. Beros,* 833 F.2d 455 (3d Cir.1987)). A specific unanimity instruction is necessary, however, "when the circumstances are such that the jury is likely to be confused as to whether it is required to be unanimous on an essential element." *Cusumano,* 943 F.2d at 312. The need for a specific unanimity instruction is "the exception"; there must be unusual circumstances that remove the matter from the "routine case in which a general unanimity charge will ensure that the jury is unanimous on the factual basis of a conviction...." *United States v. Navarro,* 145 F.3d 580, 591 (3d Cir.1998).

■ The disjunctive nature of the statutory definition of the crime is not sufficient to trigger the need for a specific unanimity instruction. *Cusumano,* 943 F.2d at 312. Nor is a specific unanimity instruction required where the statute delineates multiple avenues to a conviction in the disjunctive, but the indictment was written in the conjunctive. *Navarro,* 145 F.3d at 591. Furthermore, the existence of a wire fraud charge does not necessitate a specific unanimity charge. *Medical Services Corps.,* 43 F.Supp.2d at 503–04.

scheme and artifice with the intent to defraud *and* obtain money and property by means of false and fraudulent pretenses, representations and promises...." (Indictment, p. 2.; emphasis added.) 18 U.S.C. § 1343, in pertinent part, provides:

Whoever, having devised or intending to devise any scheme or artifice to defraud, *or* for obtaining money or property by means

of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire ... communication in interstate ... commerce, any ... signals ... or sounds for the purpose of executing such scheme or artifice, shall be fined ... or imprisoned.... [Emphasis added.]

In the instant case, the indictment alleges one unified scheme to defraud, namely, the attempt by Wiener to sell his Jeep without disclosing to prospective purchasers his concerns that it was a stolen vehicle. There were no discrepancies between the allegations in the indictment and evidence presented at trial. Moreover, neither the facts nor the legal theories advanced by the parties were complex. Therefore, "[a]lthough the jury was not instructed on the need to agree on the principal factual elements involved in the charge of . . . wire fraud, given the nature of the evidence before it, it could not have convicted [Wiener] without so agreeing." *United States v. Frazin,* 780 F.2d 1461, 1468 (9th Cir.), *cert. denied,* 479 U.S. 844, 107 S.Ct. 158, 93 L.Ed.2d 98 (1986). In short, under the circumstances of this case, there was no genuine possibility of juror confusion and a special unanimity instruction regarding the specific acts constituting the scheme to defraud was not required. *See United States v. Gruenberg,* 989 F.2d 971 (8th Cir.), *cert. denied,* 510 U.S. 873, 114 S.Ct. 204, 126 L.Ed.2d 161 (1993) (specific unanimity instruction not required despite fact that there were 2 defendants named in a 32–count indictment charging, inter alia, wire fraud, and the trial lasted 88 days). Failure to request such a charge, therefore, cannot constitute ineffective assistance.[3]

### III. CONCLUSION

For the foregoing reasons, a hearing shall be held for the purpose of determining whether Wiener can provide evidence to support his ineffective assistance of counsel claim based upon his counsel's alleged failure to advise him of the sentencing guidelines so as to allow Wiener to make an informed decision about whether to enter into a plea agreement. Wiener's remaining claims of ineffective assistance of counsel will be dismissed. An appropriate Order follows.

---

**3.** Even if the failure to request a specific unanimity instruction fell below an objective standard of reasonableness, Wiener cannot establish a reasonable probability that the outcome would have been different. Both this Court and the Third Circuit have found the evidence amply sufficient to sustain the wire fraud conviction. Under these circumstances, there is no reasonable probability that the jurors would have decided differently had a specific unanimity charge been given.

Thus, the absence of such an instruction does not afford a basis for relief on the claim of ineffective assistance of counsel. *See United States v. Scott,* 218 F.3d 835, 839 (8th Cir.), *cert. denied sub nom., Butler v. United States,* —— U.S. ——, 121 S.Ct. 500, 148 L.Ed.2d 470 (2000) (rejecting ineffective assistance claim based on absence of specific unanimity instruction where evidence of guilt was substantial).