

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2009

# USA v. Darby

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4608

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Darby" (2009). *2009 Decisions.* Paper 1533.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1533

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4608
_____

UNITED STATES OF AMERICA

v.

KAREEM DARBY,
                                        Appellant.
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
No. 06-CR-00220
(District Judge: The Honorable Robert F. Kelly)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 13 2009

Before: McKEE, SMITH, *Circuit Judges*, and STEARNS,[*] *District Judge*

(Filed: April 16, 2009)

OPINION OF THE COURT

_____

[*]Honorable Richard G. Stearns, United States District Judge for the District of
Massachusetts, sitting by designation.

McKee, Circuit Judge,

Kareem Darby appeals the district court's order denying his motion to withdraw a guilty plea. For the reasons that follow, we will affirm.

I.

Inasmuch as we are writing primarily for the parties who are familiar with this case, we need not recite the factual or procedural history. We review a district court's denial of a motion to withdraw a guilty plea before sentencing for abuse of discretion. *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003).

Darby argues that the district court should have granted his motion to withdraw his guilty plea because he is now asserting his innocence and because he lacked effective assistance of counsel when he agreed to plead guilty. Fed. R. Crim. P. 11(d)(2)(B) allows a defendant to withdraw a guilty plea before sentencing "if the defendant can show a fair and just reason for requesting the withdrawal." Nevertheless, a criminal defendant may not simply withdraw a guilty plea at his or her whim. *Jones*, 336 F.3d at 252. Indeed, "there is no absolute right to withdraw a guilty plea and . . . acceptance of the motion is within the discretion of the trial court." *Government of the Virgin Islands v. Berry*, 631 F.2d 214, 219 (3d Cir. 1980).

We have identified the following three factors that should be considered when ruling on a motion to withdraw a guilty plea: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reason to withdraw for seeking the withdrawal; and (3) whether the government would be prejudiced by the withdrawal. *See United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001); *see also United States v. Huff*, 873 F.2d 709, 711 (3d Cir. 1989).

Although Darby does now assert his innocence, he proffers only an unsupported claim of

innocence. "Bald assertions of innocence . . . are insufficient to permit a defendant to withdraw [a] guilty plea[.]" Claims of innocence "'must be buttressed by facts in the record that support a claimed defense.'" *Brown*, 250 F.3d at 818 (quoting *United States v. Salgado-Ocampo*, 159 F.3d 322, 326 (7th Cir. 1998)). A defendant making such a claim must also "give sufficient reasons why contradictory positions were taken . . . . and why permission should be given to withdraw the guilty plea . . ." *Jones*, 336 F.3d at 253 (quoting *United States v. Jones*, 979 F.2d 317, 318 (3d Cir. 1992). Darby's unexplained blanket assertion of innocence is simply insufficient to justify withdrawal of his guilty plea.

As noted above, Darby also argues that he received incompetent representation from his defense attorney. Essentially, he argues that his trial counsel failed to vigorously defend him, and therefore he pled guilty under the "belief that he would be going to trial with no one to argue his case." (Appellant's Br. 6) "A court will permit a defendant to withdraw a guilty plea based on ineffective assistance of counsel only if (1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms; and (2) the defendant shows that he suffered 'sufficient prejudice' from his counsel's errors." *Jones*, 336 F.3d at 253-54 (quoting *United States v. Day*, 969 F.2d 39, 42, 45) (citation omitted).

Here, the trial court conducted an extensive evidentiary hearing to determine whether Darby received adequate representation. After hearing testimony from Darby and the three attorneys who had represented him, the district court determined that Darby's attorneys had not acted unreasonably and Darby had not suffered any prejudice or been coerced into pleading guilty. That finding is amply supported in the record. *United States v. Martinez*, 785 F.2d 111, 113 n.1 (3d Cir. 1986). Darby told the trial court that he was satisfied with present counsel when

asked during the change of plea colloquy. (App. 151). Accordingly, Darby has failed to show that the district court erred by not allowing him to withdraw his plea.

We need not determine if the government would be prejudiced by any withdrawal as Darby has not shown that there is any reason to allow him to withdraw the plea. *Jones*, 336 F.3d at 255 (citing *United States v. Harris*, 44 F.3d 1206, 1210 (3d Cir. 1995)). Because Darby's bald assertions of innocence are insufficient to support a withdrawal of his guilty plea, and because he has failed to establish that he was prejudiced by ineffective counsel, the district court did not abuse its discretion in denying his motion.

## II.

For all of the above reasons, we will affirm the order of the district court.