**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4398
_____

UNITED STATES OF AMERICA

v.

TEDDY YOUNG, a/k/a T. Turan Young

Teddy Young,
                    Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2:05-cr-00056-001)
District Judge: Honorable Lawrence F. Stengel
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 11, 2014
_____

Before: VANASKIE, GREENBERG, and COWEN, *Circuit Judges*

(Filed: 9 January 2015)
_____

OPINION[*]
_____

VANASKIE, *Circuit Judge*.

　　　Teddy Young challenges the District Court's order denying his motion to vacate

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

his sentence under 28 U.S.C. § 2255. We granted a certificate of appealability on Young's claim that his trial counsel rendered ineffective assistance during failed plea negotiations. At the Government's urging, the District Court denied this claim without holding an evidentiary hearing. On appeal, however, the Government concedes this was improper. We agree. Accordingly, we will vacate the District Court's order insofar as it denied this claim and remand for further proceedings.

I.

In February 2005, a grand jury in the Eastern District of Pennsylvania indicted Young and 18 others on a variety of drug trafficking-related offenses, including conspiracy to distribute more than one kilogram of heroin. The Government subsequently made a written plea offer to Young, which included stipulations regarding the calculation of his advisory range of imprisonment under the Sentencing Guidelines. Pertinent to this appeal, the proposed agreement included a three-level reduction of Young's offense level pursuant to U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility. Had Young accepted this deal and the District Court ultimately adopted the agreement's stipulations, he would have faced a Guidelines range of approximately 27 to 34 years' imprisonment.

Young, however, rejected the plea deal and was convicted following a jury trial. Without the benefit of the plea agreement's three-level reduction under § 3E1.1, Young's minimum Guidelines sentence increased from 27 years to life imprisonment. The District

2

Court imposed this new minimum, and we affirmed Young's conviction and life sentence on direct appeal. *See United States v. Lee*, 339 F. App'x 153 (3d Cir. 2009).

Young thereafter filed a motion in the District Court to vacate his sentence pursuant to 28 U.S.C. § 2255. Among the host of constitutional challenges raised in his motion, Young argued that his trial counsel provided ineffective assistance during plea negotiations. Specifically, Young claimed that his counsel failed to advise him of the dramatic increase in the minimum Guidelines sentence—from 27 years to life imprisonment—he would face if he proceeded to trial instead of accepting the plea. Young also claimed his counsel did not advise him of the high likelihood of conviction or recommend that he accept the plea deal.

The Government urged the District Court to reject this ineffective assistance claim without first holding an evidentiary hearing. In support of this position, the Government noted that Young's statements at sentencing demonstrated that counsel had informed him of the Government's plea offer, but Young nonetheless rejected the deal because he found its terms to be unacceptable. The District Court agreed, denied Young's ineffective assistance claim and the other claims raised in his § 2255 motion, and declined to issue a certificate of appealability.

Young then sought a certificate of appealability from this Court, which we granted on the single issue of whether trial counsel was ineffective for failing to advise Young of his comparative sentence exposure prior to rejecting the Government's plea offer.

II.

3

The District Court had jurisdiction under 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. In assessing a district court's consideration of a § 2255 motion, we exercise plenary review of the court's legal conclusions, apply a clearly erroneous standard to its factual findings, and review its denial of an evidentiary hearing for abuse of discretion. *United States v. Bui*, 769 F.3d 831, 834 (3d Cir. 2014).

### III.

To prevail on an ineffective assistance claim, Young must show that his counsel's performance was deficient and that this deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the plea context, we have noted that "counsel is required to give a defendant enough information to make a reasonably informed decision whether to accept a plea offer." *Bui*, 769 F.3d at 835 (internal citation and quotation marks omitted). We have also "identified potential sentencing exposure as an important factor in the decisionmaking process, stating that '[k]knowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty.'" *Id.* (quoting *United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992)).

At the Government's behest, the District Court rejected Young's ineffective assistance claim without holding an evidentiary hearing. To support this approach, the Government initially directed the District Court's attention to statements by Young at sentencing demonstrating that he was aware of the plea deal but unhappy with its terms. Now, however, the Government concedes that these statements do not establish whether

4

Young "was fully advised regarding all the pertinent circumstances" relating to the plea deal. (Appellee's Br. at 14.) Accordingly, the Government requests that we remand the matter to the District Court to conduct an evidentiary hearing on Young's ineffective assistance claim and reconsider its initial decision.

We agree this is the proper course of action.[1]

## IV.

For the foregoing reasons, we will vacate the District Court's order entered on October 25, 2013, to the extent it denied Young's claim that trial counsel rendered ineffective assistance during plea negotiations, and remand for further proceedings.

---

[1] Young requests that we either fashion a remedy to "restore [him] to the position he would have occupied had his attorney been effective," or appoint a new judge to preside over the proceedings on remand "to avoid the appearance of impropriety." (Appellant's Br. at 13.) The first approach is inappropriate because we have not reached the merits of Young's ineffective assistance claim. We also reject Young's alternative request to recuse the presiding district judge on remand, as "[w]e have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal . . . ." *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) (citations omitted).