

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-21-2003

# USA v. Sanchez

Precedential or Non-Precedential: Non-Precedential

Docket 02-3041

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Sanchez" (2003). *2003 Decisions.* Paper 730.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/730

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 02-3041

———————

UNITED STATES OF AMERICA

v.

WILFREDO SANCHEZ
aka
FREDDY FOX
aka
WILFREDO SANCHEZ

Wilfredo Sanchez,
Appellant

———————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 02-cr-00095-1)
District Court Judge:  Honorable Alfred M. Wolin

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 11, 2003

Before:  RENDELL, AMBRO and MAGILL*, <u>Circuit</u> <u>Judges</u>.

(Filed March 21, 2003 )

———————

———————

*The Honorable Frank J. Magill, Senior Circuit Judge for the Eighth Circuit, sitting by
designation.

———————

RENDELL, Circuit Judge.

Pursuant to an agreement with the government, Wilfredo Sanchez pled guilty to a single count of distribution and possession with intent to distribute heroin. The plea agreement also stipulated that for sentencing purposes Sanchez had an offense level of 29 and a criminal history category of VI, resulting in a sentencing range of 151-188 months. After determining that Sanchez's plea was informed, voluntary, and fully consistent with the entire plea agreement, the District Court denied Sanchez's request for a downward departure and sentenced him to 188 months. Sanchez now appeals. The District Court had jurisdiction under 18 U.S.C. § 3231, and we exercise jurisdiction under 28 U.S.C. § 1291. We will affirm.

Sanchez's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no non-frivolous issues raised in this appeal and requesting to withdraw as counsel. In reviewing an Anders brief, we inquire (1) whether counsel adequately represented the client's case, and (2) whether an independent review of the record presents any non-frivolous issues. See United States v. Youla, 241 F.3d 296 (3d Cir. 2001); United States v. Marvin, 211 F.3d 778 (3d Cir. 2000). Although counsel is not under a duty to "raise and reject every possible claim" he or she must at a minimum meet the level of conscientiousness set forth in Anders. Youla, 241 F.3d at 300. In Marvin we stated that generally "we will reject briefs . . . in which counsel argue the purportedly

frivolous issues aggressively without explaining the faults in the arguments, as well as those where we are not satisfied that counsel adequately attempted to uncover the best arguments for his or her client." Marvin, 211 F.3d at 781.

Here we are concerned that counsel has not fulfilled the requirements of conscientiousness. There is little indication that counsel has "attempted to uncover the best arguments" for his client, let alone that he has done so "adequately." Id. Counsel's brief suggests and rejects two possible bases for appeal, but raises neither clearly. In contrast, Sanchez's *pro se* brief raises and argues a number of independent issues, only one of which was discussed in counsel's brief. Even if the issues lack merit, counsel is obligated to "mention all the issues raised by his client and assure us that he has considered them and found them patently without merit." Marvin, 211 F.3d at 781; Youla, 241 F.3d at 301.

Given the failings in counsel's Anders brief, we must reject counsel's request to withdraw unless we are convinced that the frivolousness of the issues raised in the appeal is patent. Marvin, 211 F.3d at 781. In Youla, we held that even where counsel's Anders brief is inadequate, if the *pro se* brief provides adequate guidance concerning the issues appellant seeks to raise on appeal, we will confine our scrutiny of the record to those issues raised in the Anders and *pro se* briefs. Youla, 241 F.3d at 301. We are satisfied after our independent scrutiny of the relevant portions of the record that the issues raised here are without merit.

First, Sanchez's counsel suggests the possibility that Sanchez's plea was not

voluntarily made.  See Fed. R. Crim. P. 11.  There is absolutely no evidence, however, of involuntariness; the District Court engaged in an extensive colloquy with Sanchez to ensure that the plea was informed and voluntary.

Second, Sanchez cites 21 U.S.C. § 851(a)(1), and argues that the District Court could not use his previous criminal convictions to enhance his sentence because the government did not file an Information stating in writing that it intended to rely on those convictions.  Such an argument is clearly precluded by our decision in United States v. Day, 969 F.2d 39 (3d Cir. 1992), in which we held that "subsection 851(a)(1) requires the government to file a pretrial information only if it intends to seek a sentence beyond the maximum provided by the statute," and that "the government is not required to file a pretrial information to subject a defendant to sentencing as a career offender."  Id. at 48.

Third, Sanchez argues that he was denied due process because the indictment failed to specify a particular quantity of drugs, invoking the requirements of Apprendi v. New Jersey, 530 U.S. 466 (2000).  However, as the government was not seeking, and the District Court did not impose, a sentence above the statutory minimum, there was no requirement that the indictment include a specific drug amount.  See, e.g., United States v. Vazquez, 271 F.3d 93, 98 (2001) ("[A]n Apprendi violation only occurs if the drug quantity is not found by a jury beyond a reasonable doubt and the defendant's sentence under § 841 exceeds 20 years.").  To the extent Sanchez also claims that his plea was unknowing because the indictment did not specify the quantity of drugs involved, that claim is wholly undermined by the record, which makes clear that Sanchez made a voluntary plea with full

4

knowledge of the sentencing range facing him.

Fourth, Sanchez asserts that the District Court erred in finding him to be a career offender because his three prior felony drug convictions were "related cases" that were consolidated for sentencing and, thus, should not have been counted as separate convictions under the Sentencing Guidelines. Sanchez's plea agreement, however, stipulated to the fact that he was a career offender. Further, we note that Sanchez's three convictions were separated in time by intervening arrests. As the relevant guideline commentary clearly provides that such offenses are not to be considered related, see U.S.S.G. § 4A1.2 cmt. 3; United States v. Hallman, 23 F.3d 821, 825 (3d Cir. 1994), Sanchez's sentencing as a career offender was wholly proper.

Fifth, Sanchez argues that the District Court failed to articulate "in open court the reasons for its imposition of the particular sentence" pursuant to 18 U.S.C. § 3553. Again, Sanchez's claim is belied by the record, as the District Court discussed its reasons at length during the sentencing hearing.

Sixth, Sanchez states that the indictment that was returned against him was invalid because it was not signed by the foreperson of the grand jury. See Fed. R. Crim. P. 6(c). Apparently Sanchez was in possession of an unsigned copy, but the government has since provided a validly signed copy.

Finally, Sanchez makes three challenges to his sentence. First, Sanchez claims that he should have been eligible for a decrease in offense level for acceptance of responsibility and assistance to the government under U.S.S.G. § 3E1.1. The record is clear, however, that

5

Sanchez did in fact receive the maximum three-level decrease provided for under that provision; the plea agreement stipulated that Sanchez's original offense level was decreased from 32 to 29 pursuant to § 3E1.1. Second, Sanchez claims that he should have received a downward departure under U.S.S.G. § 5K1.1. Notably, however, Sanchez did not raise this claim before the District Court, and, at any rate, because there is no evidence that Sanchez assisted in the investigation or prosecution of another individual as provided in the Guideline, there is no evidence that Sanchez was eligible for the departure. Lastly, Sanchez argues that he should have received a downward departure under U.S.S.G. § 4A1.3 because his classification as a career offender seriously overstated his criminal history. This claim was put forth by Sanchez's counsel during sentencing and rejected by the District Court, which found that Sanchez's criminal history category adequately reflected the seriousness of his behavior. There is nothing in the record to suggest otherwise, and absent an error of law we are without jurisdiction to review the discretionary downward departure decisions of the District Courts. See United States v. Torres, 251 F.3d 138, 145 (3d Cir. 2001).

Accordingly, despite the inadequacy of the Anders brief, we will AFFIRM Sanchez's conviction and sentence, and GRANT counsel's motion to withdraw.

_____

TO THE CLERK OF COURT:

Please file the foregoing opinion.

/s/ Marjorie O. Rendell
Circuit Judge