**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 11-2315

————————

UNITED STATES OF AMERICA

v.

RICHARD SHUMAKER,

Appellant

————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-09-cr-00087-001)
District Judge:  Honorable Nora Barry Fischer

————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 24, 2012

Before:  FISHER and GREENAWAY, JR., *Circuit Judges*, and JONES,[*] *District Judge*.

(Opinion filed:  April 20, 2012)

————————

OPINION OF THE COURT

————————

[*]The Honorable John E. Jones, III, District Judge for the United States District
Court for the Middle District of Pennsylvania, sitting by designation.

JONES, District Judge

Richard Shumaker appeals his conviction on the grounds that the District Court erroneously denied his motion to withdraw his guilty plea. For the reasons that follow, we will affirm.[1]

I.

We write for the parties' benefit and thus recite only the facts essential to our disposition. In March 2009, a grand jury in the Western District of Pennsylvania returned an indictment charging Shumaker with conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349. The indictment charged that Shumaker conspired with Susan Fawcett and Larry Konter[2] to defraud American Express by "cycling" or "factoring" various credit card accounts in a fashion similar to a check-kiting scheme. Shumaker opened a number of fraudulent credit card accounts with American Express through Konter, an American Express employee, and processed fake sales of goods and services from Shumaker's businesses through these accounts, fraudulently inducing American Express to pay money to cover the fraudulent charges. They also cycled hundreds of thousands of dollars between the various accounts, profiting from the "float"

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over this appeal under 28 U.S.C. § 1291.

[2] Fawcett and Konter were also federally indicted for their participation in the fraud.

or differences in the due dates set for the payments due on each account. All told, the scheme resulted in losses to American Express of $574,134.10.

On the day of Shumaker's arraignment, Patrick J. Thomassey, Esquire entered his appearance on Shumaker's behalf. At the arraignment, Shumaker pled not guilty. Through counsel, Shumaker filed six motions for extensions of time to file pre-trial motions, which were all granted by the District Court. Subsequently, on April 8, 2010, Attorney Thomassey filed a motion to withdraw as counsel citing irreconcilable differences between himself and Shumaker. The District Court denied the motion without prejudice to re-submission upon the entry of appearance of alternative counsel for Shumaker. None came. Thereafter, the District Court conducted a status conference, during which Attorney Thomassey advised the District Court that Shumaker was likely to enter a change of plea, which Shumaker confirmed, and Attorney Thomassey also stated that he was no longer seeking to withdraw as counsel in the matter. A change of plea hearing was set for May 20, 2010, however, the District Court expressly ordered that the case would remain set for trial on June 1, 2010, in the event the change of plea did not take place.

On May 20, 2010, Shumaker pled guilty to one count of conspiracy to commit mail and wire fraud. At the change of plea proceeding, the District Court engaged in an extensive colloquy with Shumaker, in conformity with Fed. R. Crim. P. 11. The colloquy included questions posed to Shumaker regarding his understanding of the plea agreement,

the charges against him, the potential penalties, and the constitutional rights he was waiving as a result of his guilty plea. The District Court concluded that Shumaker's plea was knowingly and voluntarily made, and thereafter accepted it. A presentence investigation report was prepared by the United States Probation Office, to which Shumaker lodged no objections. Shumaker's sentencing was originally scheduled for September 17, 2010; however, due to a variety of scheduling conflicts, it was ultimately reset for December 14, 2010.

Commencing in October of 2010, prior to his sentencing, Shumaker began filing a series of *pro se* motions and sending *ex parte* letters directly to the Court, including an "emergency" motion to stay proceedings. Generally, these submissions complained about Shumaker's counsel, and that he had no access to certain documents in the possession of the Government which he deemed relevant to his sentencing, and also lodged allegations against American Express and other individuals. The District Court set a hearing on Shumaker's "emergency" motion and admonished him not to directly contact the Court but to utilize the services of Attorney Thomassey. Shumaker did not abide by this directive and continued his barrage of *pro se* filings, indicating within them both his displeasure with Attorney Thomassey and his intention to request new counsel. As a result of Shumaker's direct filings to the Court, Attorney Thomassey again moved to withdraw from representation. The District Court intended to address both Shumaker's and Attorney Thomassey's motions at a hearing scheduled for December 8,

4

2010; however, Shumaker failed to appear. A warrant was issued for his arrest.[3] Thereafter, Shumaker filed two more *pro se* submissions with the Court, moving to continue his sentencing and dismiss the case. Attached to the submissions was a letter addressed to Attorney Thomassey purportedly terminating his services, stating "[i]n court in April after you submitted a motion to withdraw, I agreed to consider confession as long as I had the opportunity to read and consent to the settlement letter, plus you kept your promise to postpone sentencing one year to go after American Express."

Shumaker appeared before the Court on December 14, 2010, the date scheduled for his sentencing. During that proceeding, the District Court granted Attorney Thomassey's motion to withdraw and appointed new counsel for Shumaker, James Brink, Esquire. The District Court took a recess to permit Attorney Brink to meet with Shumaker and upon reconvening the hearing, the District Court withdrew the bench warrant and amended Shumaker's conditions of release, but permitted him to continue to reside in Florida. Sentencing was rescheduled for February 8, 2011. However, in the interim, Attorney Brink filed a motion to withdraw Shumaker's guilty plea and a motion to continue sentencing. The District Court converted the February 8, 2011 sentencing date to a hearing on Shumaker's motion to withdraw his plea.

At the February 8, 2011 motion hearing, Shumaker was the only witness presented by the defense. The Government did not call any witnesses. Various documents were

---

[3] Shumaker was residing in Florida during the pre-sentencing phase of his case.

entered into evidence. The District Court also questioned Shumaker during the proceeding. Thereafter, on March 28, 2011, the District Court issued a 55-page opinion denying Shumaker's motion to withdraw. On May 11, 2011, Shumaker was sentenced to twenty seven (27) months of imprisonment, which represented the bottom of his advisory guideline range, a three (3) year term of supervised release, and was ordered to pay restitution to American Express in the amount of $574,134.40.[4] This appeal followed.

## II.

We review a District Court's denial of a defendant's motion to withdraw his guilty plea before sentencing for abuse of discretion. *United States v. King*, 604 F.3d 125, 139 (3d Cir. 2010)(citing *United States v. Brown*, 250 F. 3d 811, 815 (3d Cir. 2001)); *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). A defendant may withdraw a guilty plea before sentencing if the defendant can show a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). We have recognized that the burden of showing "fair and just reason" for withdrawal is "substantial" and a defendant is not entitled to withdraw his plea "simply at his whim." *Jones*, 336 F.3d at 252 (internal marks and citations omitted). In determining whether a defendant has a "fair and just reason" for withdrawal of his guilty plea, "district courts consider whether: (1) the defendant asserts his innocence; (2) the defendant proffered strong reasons justifying the

---

[4] Shumaker's liability for the restitution amount was made joint and several with the liability of Konter and Fawcett.

withdrawal; and (3) the government would be prejudiced by the withdrawal." *King*, 604 F.3d at 139 (internal marks and citation omitted). Defendants are not permitted to rely on "bald assertions of innocence" to support their withdrawal of a guilty plea, but must support their innocence by facts in the record. *Jones*, 336 F.3d at 252. If a defendant cannot meet this burden, the Government does not need to show prejudice. *United States v. Martinez*, 785 F.2d 111, 116 (3d Cir. 1986). In addition, the defendant must present "sufficient reasons to explain why contradictory positions were taken before the district court." *Brown*, 250 F.3d at 818 (internal marks and citation omitted).

III.

In this appeal, Shumaker contends that the District Court abused its discretion when it rejected his contentions that (1) he is innocent of the crime charged; and (2) Attorney Thomassey's ineffectiveness provides a strong reason justifying withdrawal. We shall discuss each of Shumaker's arguments *in seriatim*.

Shumaker argues that he repeatedly and consistently asserted his innocence before the District Court and that the Government presented no evidence that would tend to indicate his guilt. However, the record in this case plainly contradicts Shumaker's contention. First, Shumaker clearly and unequivocally admitted his guilt to his role in the conspiracy, both by executing his plea agreement with the Government and in his sworn statements made during the change of plea proceedings. Further, he stated in a letter to Attorney Thomassey that he would "confess" so long as his sentencing was postponed by

7

one year.  Second, after carefully considering his motion to withdraw his plea and conducting a hearing thereon, the District Court found Shumaker's change of position less than credible, noting that the record was markedly devoid of evidence to support Shumaker's eleventh hour protestations of innocence.  The District Court supported its determination by referring to Shumaker's unequivocal conduct at the guilty plea hearing, and by noting that Shumaker had numerous opportunities to vacillate in his decision to plead guilty at that proceeding, but made no hesitation.  Further, the District Court noted that Shumaker lodged no objections to the offense conduct as set forth in the presentence investigation report.  Additionally, the District Court concluded that the Government had presented sufficient evidence of Shumaker's guilt at the hearing on the motion to withdraw the plea, mostly in the form of admissions elicited during its cross-examination of Shumaker.  For all these reasons, the District Court did not abuse its discretion when it found that Shumaker did not prevail on his actual innocence argument.

Turning to Shumaker's second argument in this appeal– that he supplied sufficient reasons justifying the withdrawal – Shumaker attempts to cast the blame for his guilty plea entirely on the alleged ineffective representation of Attorney Thomassey.  It is well established that "[a] court will permit a defendant to withdraw a guilty plea based on ineffective assistance of counsel only if (1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms, and (2) the defendant shows that he suffered 'sufficient prejudice' from his counsel's errors."

*Jones*, 336 F.3d at 253-254 (citing *United States v. Day*, 969 F. 2d 39, 42, 45 (3d Cir. 1992). "In order for a guilty plea to be valid, it must 'represent [] a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Id*. at 253 (quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)).

Shumaker's argument rests primarily upon his position that Attorney Thomassey's May 10, 2010 letter forced him to plead guilty. That letter, which was penned after the District Court had conducted a status conference during which Attorney Thomassey advised that he was no longer moving to withdraw, stated as follows:

> Dear Rich:
>
> I received your letter of May 3, 2010. All of the things you talk about in your case are mitigation factors in sentencing. They do not go to guilty of [sic] innocence. I can tell you this; you are walking a very fine line here with this Federal Judge. You stood in front of her several weeks ago and told her that this case was settled and that you were going to enter a plea on May 20, 2010. If you change your mind now, in my opinion, she is going to immediately put you in jail and set a trial date in July or August. You cannot do this back and forth. I have been practicing criminal law for thirty-five years and I am telling you that there is no way to win your case. You either have to fire me, apply for a Public Defender, or not show up for court. Those are your three options at this point. We have told the Judge that you are going to plead guilty on May 20, 2010 and then be sentenced sometime around five months later. That is still my best advice for you and you should follow it.
>
> Very Truly Yours,
>
> s/ Patrick Thomassey

Shumaker contends that, based on the contents of this letter, he felt that he had no other options but to plead guilty, go to jail or flee. This assertion, however, is belied by Shumaker's unequivocal statements made under oath at the change of plea hearing that he was satisfied with Attorney Thomassey's representation and that he had not been pressured or coerced into pleading guilty.

The District Court also rejected Shumaker's contention that Attorney Thomassey never reviewed his case with him, finding that Shumaker's testimony on this point was inconsistent and not credible. While Shumaker first stated that Attorney Thomassey had conducted no investigation into his case, on cross-examination and under questioning by the court, Shumaker admitted that prior to his guilty plea, Attorney Thomassey had reviewed a multitude of materials with him, including an ongoing investigation in a civil action in Kentucky that was potentially damaging to his case.[5] Based on the foregoing, we do not find that Attorney Thomassey's representation of Shumaker fell below a standard of objective reasonableness. In fact, we find Attorney Thomassey's representation of Shumaker to be entirely appropriate in what was clearly a difficult, complex case compounded by a problematic client. The scenario before us involves Shumaker's quest to evade responsibility and game the system by deflecting blame to

---

[5] In 2007, American Express instituted a civil action against Shumaker and his clients in the United States District Court for the Western District of Kentucky in an attempt to collect $2.6 million in credit card debt accumulated by Shumaker and his clients in a similar cycling scheme.

others. Ultimately, this transparent exercise failed to convince the able District Judge, and we are likewise unmoved.

In sum, we conclude that the District Court did not abuse its discretion in denying Shumaker's motion to withdraw his guilty plea. Accordingly, we will affirm.