NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.  15-1193
_____

UNITED STATES OF AMERICA

v.

EDWARD MCLAUGHLIN,
                                    Appellant


_____


On Appeal from the District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 3-12-cr-00179-001)
District Judge: Honorable A. Richard Caputo
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 27, 2015

Before: GREENAWAY, JR., SCIRICA, and ROTH, Circuit Judges

(Filed: April 25, 2016)


_____

OPINION*
_____


**SCIRICA**, *Circuit Judge*

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Edward McLaughlin pled guilty to conspiracy to use a facility of interstate commerce to commit a murder for hire and other related federal crimes. He now appeals denial of his motion to withdraw his guilty plea and sentencing. Because the trial court neither abused its discretion in denying the motion nor committed plain error in the plea colloquy, we will affirm the judgment of conviction and sentence.

## I.

In late May 2012, police in Scranton, Pennsylvania responded to a 911 call made by a victim of domestic violence. They arrested Gary Williams, who was fleeing from an apartment building after beating his girlfriend Gloria Soto and firing a gunshot from a Mauser rifle, which he left in the apartment. From the subsequent investigation, police learned from Soto that Williams had been hired by Edward McLaughlin to kill McLaughlin's ex-wife. They also found evidence that McLaughlin supplied Williams with the Mauser rifle and bullets. McLaughlin and Williams were indicted on federal crimes and the trial court severed their cases.[1]

A federal grand jury charged McLaughlin with nine crimes in its Third Superseding Indictment: (1) conspiracy to use interstate facilities in the commission of a murder-for-hire, in violation of 18 U.S.C. § 1958; (2) solicitation to commit a crime of violence, in violation of 18 U.S.C. § 373; (3) carrying or possessing a firearm during and in relation to, or in furtherance of a crime of violence as an aider and abettor, in violation of 18 U.S.C. § 924(c); (4) shipping and transporting a firearm and ammunition while

_____

[1] This case is a companion case to *United States v. Williams*, No. 14-3839, also decided today. The facts of the conspiracy are recited more extensively in that case.

being subject to a court order, in violation of 18 U.S.C. § 922(g)(8); (5) shipping a firearm and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1); (6) transferring in interstate commerce a firearm with knowledge that it would be used in a crime of violence, in violation of 18 U.S.C. § 924(h); (7) shipping and transporting in interstate commerce a firearm and ammunition knowing or having reason to believe that a felony is to be committed therewith, in violation of 18 U.S.C. § 924(b); (8) transferring, giving or transporting a firearm to another person in another state who is not a licensed importer, dealer or collector of firearms, in violation of 18 U.S.C. § 922(a)(5); and (9) solicitation to commit a crime of violence (attempting to forcibly tamper with a witness) in violation of 18 U.S.C. § 373.

On the first day of trial, McLaughlin pled guilty to Counts 1, 3, and 5. The government agreed to drop the other charges. The plea agreement set forth these crimes and the minimum and maximum sentences, including a statutorily imposed minimum five year prison sentence for Count 3 that must run consecutive to any other sentence. Under the sentencing guidelines, McLaughlin had a criminal history category of IV, an offense level of 35, and faced a recommended range of 295-300 months in prison.

At the guilty plea hearing, McLaughlin testified under oath that he was mentally competent, that he had reviewed and discussed the plea agreement with his counsel, understood the plea agreement and his right to a trial, and entered into the plea agreement voluntarily because he was in fact guilty. The plea agreement contained a merger clause stating that it represented the only agreement and "supersedes all prior understandings, if

3

any, whether written or oral." It also stated that "[n]o other promises or inducements have been made or will be made to the defendant in connection with this case." McLaughlin confirmed there were no other side agreements surrounding the plea agreement. McLaughlin testified he understood that the proposed guidelines set forth in the plea agreement did not bind the court, and that the court was free to sentence him outside of any sentencing recommendations.

After entry of the plea but prior to sentencing, McLaughlin dismissed his attorney and retained new counsel. He then filed a motion to withdraw his guilty plea, contending his trial counsel suggested he would only be sentenced to five to eight years of prison. He also contended he entered into the plea in exchange for an unfulfilled promise by the government to investigate his allegations that his ex-wife was sexually abusing their three children.

At the plea withdrawal hearing, through affidavits and testimony, the government denied ever making such a promise, and trial counsel denied making a sentencing prediction. Post-hearing, the court rejected the motion and upheld the guilty plea, noting that McLaughlin's efforts to revoke it "undermine[] the integrity of the plea colloquy" and "treat[] the oath and the process with less solemnity than it deserves." *United States v. McLaughlin*, No. 3:CR-12-0179, 2014 WL 3670545 at *1 (M.D. Pa. July 23, 2014). At sentencing, the government recommended a sentence of 295 months. The court sentenced McLaughlin to 240 months in prison.

McLaughlin now appeals the denial of his motion to withdraw his guilty plea, contending his counsel was ineffective in giving him advice regarding the expected

4

length of sentence. He also contends the government induced his plea by falsely promising to investigate his ex-wife on suspicion of child abuse charges. McLaughlin also raises a new claim not raised before the trial court, namely, the trial court did not comply with Federal Rule of Criminal Procedure 11 in the plea colloquy.

## II.

A motion to withdraw a guilty plea prior to sentencing may be granted, in the discretion of the district court, where a "defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d); *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001). We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Jones*, 336 F.3d 245, 254 (3d Cir. 2003); *Brown*, 250 F.3d at 815.[2] In order to safeguard the integrity of the plea process and ensure that a defendant's plea will not be revoked merely for a "change of heart," we have articulated a standard to evaluate a "fair and just reason" to justify withdrawal of a plea: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *Jones*, 336 F.3d at 252; *see United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005); *Brown*, 250 F.3d at 815.

---

[2] The district court had subject matter jurisdiction of this criminal case under 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291.

5

## III.

### A.

The trial court found McLaughlin failed to sufficiently assert his innocence as required by *Jones*. *McLaughlin*, 2014 WL 3670545 at *5-6. At the hearing on the motion to withdraw the guilty plea, McLaughlin asserted his innocence only after repeated questions from the court. But when he finally said he was innocent, McLaughlin failed to cite any circumstances or facts in the record supporting his contention. *McLaughlin*, 2014 WL 3670545 at *5; *see Jones*, 336 F.3d at 252 ("Assertions of innocence must be buttressed by facts in the record that support a claimed defense." (quoting *Brown*, 250 F.3d at 818) (internal quotation marks omitted)). As a consequence, the court concluded that McLaughlin's assertion of innocence was insufficient. *McLaughlin*, 2014 WL 3670545 at *5; *see Jones*, 336 F.3d at 252 (observing that "[b]ald assertions of innocence are insufficient"). We see no abuse of discretion.

### B.

As for the strength of McLaughlin's reasons to withdraw his guilty plea, "[t]he burden of demonstrating a fair and just reason falls on the defendant, and that burden is substantial." *Jones*, 336 F.3d at 252 (internal quotation marks omitted).

McLaughlin contends his trial counsel was ineffective—specifically that counsel told him he could expect a jail sentence of five to eight years in exchange for a guilty plea. As noted, the Presentence Investigation Report reflected a guideline range of 295-300 months and McLaughlin was sentenced to 240 months of imprisonment.

In previous cases involving inaccurate sentencing estimates, we have said we "will permit a defendant to withdraw a guilty plea based on ineffective assistance of counsel only if (1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms; and (2) the defendant shows that he suffered 'sufficient prejudice' from his counsel's errors." *Jones*, 336 F.3d at 253-54 (quoting *United States v. Day*, 969 F.2d 39, 42, 45 (3d Cir. 1992)). Although we normally do not hear claims of ineffective assistance of counsel on direct appeal, "a narrow exception to the rule" exists "where the record is sufficient to allow determination of ineffective assistance of counsel." *Id.* at 254 (quoting *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991)). Here, the trial court held a hearing where it considered McLaughlin's allegations of ineffective assistance of counsel. This provides us with a sufficient record to consider the allegations on direct appeal, reviewing for abuse of discretion.[3] *See id.*

### 1.

McLaughlin's claim fails because he cannot show ineffective assistance of counsel. McLaughlin points to no evidence other than bare assertions that trial counsel provided him assurances or even suggested to him that he would receive a sentence of only five to eight years. Under oath, trial counsel strenuously denied making such a promise or prediction. Trial counsel testified that he expressed hope McLaughlin would

---

[3] Although we review the ultimate decision to deny the motion to withdraw for abuse of discretion, we review underlying factual findings for clear error. *United States v. Richards*, 674 F.3d 215, 223 (3d Cir. 2012) ("The abuse-of-discretion standard incorporates . . . clear-error review of questions of fact.") (quoting *United States v. Legros*, 529 F.3d 470, 474 (2d Cir. 2008)).

be sentenced to less than the Guidelines range of 295-300 months, but this is a different matter entirely. Nor is there any evidence the government suggested to McLaughlin he would receive such a sentence in exchange for pleading guilty. The government testified it was unaware of any such promise. Instead, the record shows the government agreed to dismiss all but Counts 1, 3 and 5, not bring any new charges in connection with the case, and recommend a "sentence up to and including the maximum sentence allowed by law." We see no error, let alone clear error. The court did not abuse its discretion.

Furthermore, at the plea colloquy, the court extensively questioned McLaughlin to verify that his plea was knowing and voluntary and that he understood the consequences of pleading guilty. And in response to the court's question about whether McLaughlin was satisfied with the "advice and representation" of his counsel, he replied that his lawyer was "outstanding." The court specifically told McLaughlin that it could "impose a sentence that may be more severe than the one you expect." McLaughlin points to no evidence other than bare assertions that trial counsel provided him with an erroneous sentencing prediction, but nonetheless "we have long held that an erroneous sentencing prediction by counsel is not ineffective assistance of counsel where . . . an adequate plea hearing was conducted." *See United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007) (citing *Jones*, 336 F.3d at 254). We see no error, let alone clear error. The court did not abuse its discretion.

**2.**

McLaughlin next contends he entered into the guilty plea because the government promised to investigate his ex-wife's alleged maltreatment of their children. Because the

8

government did not carry out this "promise," he contends he "received no benefit in exchange for his guilty plea." Appellant Br. at 14. The government, however, strenuously denies that it made such a promise. The FBI agents involved in the case, as well as McLaughlin's own trial lawyer, filed affidavits and testified under oath to the effect that no one promised an investigation into McLaughlin's ex-wife. *McLaughlin*, 2014 WL 3670545 at *2-5. Other than McLaughlin's bare assertions and ambiguous testimony from his sister, there is nothing in the record to support his claim. We agree with the court that McLaughlin has not shown the existence of a side promise by the government.

Furthermore, the plea agreement contains a merger clause that explicitly bars any side agreement from the ultimate plea arrangement. As noted, the plea agreement states that it is the "complete and only" agreement, "supersedes all prior understandings, if any, whether written or oral," and that "[n]o other promises or inducements have been made or will be made to the defendant in connection with this case." *Id.* at *7. We see no error, let alone clear error. The court did not abuse its discretion.

## IV.

Finally, McLaughlin raises for the first time a claim that the court violated the procedures set forth in Rule 11 during the plea colloquy. Specifically, McLaughlin contends the court failed to advise him during the plea colloquy that any false statements he made while under oath could later be used against him in a perjury prosecution. McLaughlin did not raise this claim with the trial court, and so we review for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Corso*, 549 F.3d 921,

9

926-27 (3d Cir. 2008).

The purpose of Federal Rule of Criminal Procedure 11 is to ensure that a defendant's guilty plea is knowing and voluntary. *United States v. Schweitzer*, 454 F.3d 197, 202-03 (3d Cir. 2006). "The Rule outlines a series of admonitions and warnings to be provided to the defendant." *Id.* at 202. These directives are designed to ensure that the defendant understands the gravity of a guilty plea and the consequences of entering into it.

Consistent with this holistic approach, the Rule enumerates topics the court must cover, but it does not require a specific formula of questions. *United States v. Cefaratti*, 221 F.3d 502, 508 (3d Cir. 2000) (Rule 11 "is not to be read as requiring a litany or other ritual, and should not be given such a crabbed interpretation that ceremony [is] exalted over substance" (quoting Fed. R. Crim. P. 11 advisory committee note (1983) Rule 11(h))) (internal quotation marks omitted). Ordinarily, a court will "look to the totality of the circumstances to determine whether a defendant was informed of the nature of the charges against him, considering factors such as the complexity of the charge, the age, intelligence, and education of the defendant, and whether the defendant was represented by counsel." *Id.* Rule 11 itself also reinforces the notion that the plea colloquy is not meant to be formulaic: "[a] variance from the requirements of this rule is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h).

McLaughlin does not assert that the government threatened to prosecute him for perjury. Considering the totality of the circumstances, failure to warn McLaughlin about the consequences of lying under oath did not undermine the adequacy of the plea

10

colloquy. The colloquy was robust, and McLaughlin was competent and understood the significance of testifying under oath. *See Cefaratti*, 221 F.3d at 508 (rejecting a claim that defendant was "not informed of the nature of the charges against him [where] neither the district court nor the prosecutor explained the elements of" the crime because under the totality of the circumstances, the court conducted an otherwise thorough colloquy, the defendant had the advice of a lawyer, and he was able to understand the charges). Moreover, there is no evidence that McLaughlin was accused of perjury or threatened with perjury charges.

We find no plain error, in the court's failure to warn McLaughlin about the consequences of perjury because this omission did not affect his "substantial rights." *Id.*; *see* Fed. R. Crim. P. 11(h). The court substantially complied with Rule 11, McLaughlin had access to and assistance of counsel, and the court found him competent to testify.[4]

---

[4] Because McLaughlin failed to offer sufficient reasons for setting aside his guilty plea, we need not address the question whether permitting withdrawal would cause the government undue prejudice. Nevertheless, we believe that the government would be prejudiced.

McLaughlin says that the government would not be prejudiced by a withdrawal of his guilty plea because withdrawal would not cause the unavailability of witnesses or evidence for a future trial. We do not agree. As the government indicates, it "would have to reassemble witnesses, court personnel and jurors, all of which had already been assembled once on the day McLaughlin pleaded guilty." Appellee Br. at 37. In a similar case, we held that a defendant causes prejudice to the government when he seeks to withdraw his plea after pleading guilty on the first day of trial, with witnesses and evidence already gathered. *United States v. Crowley*, 529 F.2d 1066, 1072 (3d Cir. 1976).

**VI.**

For the foregoing reasons, we will affirm the district court's denial of McLaughlin's motion to withdraw his guilty plea and judgment of conviction and sentence.