NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4327
_____

UNITED STATES OF AMERICA

v.

MICHAEL GIAMO,
               Appellant


_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 2-11-cr-00620-001)
District Judge: Honorable Michael M. Baylson
_____

Submitted Under Third Circuit LAR 34.1(a)
September 11, 2013
_____

Before: RENDELL, JORDAN, and GREENAWAY, JR., *Circuit Judges*.

(Opinion Filed: September 12, 2013)

_____

OPINION
_____


GREENAWAY, JR., *Circuit Judge*.

Appellant Michael Giamo ("Giamo") challenges the District Court's sentence, arguing that the District Court erred by denying his motion for a downward departure and by failing to appropriately consider several of the factors set forth in 18 U.S.C. § 3553(a). For the reasons set forth below, we will affirm the sentence.

## I.  Background

We write primarily for the benefit of the parties and recount only the essential facts.

After a jury trial, Giamo was convicted of participating in an arson-for-hire scheme, as well as mail fraud and obstruction of justice.  The conviction arose from Giamo's participation in a conspiracy to burn down his automotive repair business and file a false insurance claim.  While Giamo traveled to Brazil to establish an alibi, Giamo's co-conspirator, Isael Kniestedt ("Kniestedt"), executed the arson plan, burning down Giamo's business in return for a share of the insurance money.  Kniestedt, after being confronted, began cooperating with investigators, which led to Giamo's arrest.

At Giamo's sentencing, the District Court calculated his Sentencing Guidelines range to be 198 to 217 months.  The Government requested a sentence of 217 months. Defense counsel moved for a downward departure to the mandatory minimum of 180 months based on U.S.S.G. § 5H1.3, citing Giamo's mental instability and the abuse he suffered as a child.  Relying on the same facts, defense counsel also sought a downward variance.  The District Court denied the motion for a downward departure, but granted, in

2

part, the request for a downward variance. The District Court sentenced Giamo to 192 months, six months below the bottom of the Guidelines range.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction, pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Guidelines are advisory and "appellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" *Gall v. United States*, 552 U.S. 38, 46 (2007). Generally, reasonableness consists of both procedural and substantive reasonableness. *See United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009). Here, Giamo only challenges the substantive reasonableness of his sentence. This Court has held that it will affirm a district court's sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* at 568.

The standard of review for variances granted pursuant to 18 U.S.C. § 3553(a) is abuse of discretion. *Gall*, 552 U.S. at 46; *Tomko*, 562 F.3d at 567.

## III. Analysis

Although Giamo argues that the District Court erred in denying his motion seeking a downward departure pursuant to U.S.S.G. §5H1.3, this Court cannot review this decision. *United States v. Jackson*, 467 F.3d 834, 839 (3d Cir. 2006) ("[C]ourts of

3

appeals post-*Booker*[] have no authority to review discretionary denials of departure motions in calculating sentencing ranges.").  The District Court exercised its discretion, and we may not review its decision to deny Giamo's downward departure motion.

Giamo next argues that the District Court should have downwardly varied by more than six months.  Giamo contends that the District Court, in considering the § 3553(a) factors, did not properly "take into account" the continuing effects of the trauma that Giamo experienced in his childhood (Appellant's Br. 12), and "[relied] on improper factors," including the facts underlying another arson case being tried that day (*id*. at 12, 13).

For a sentence to be reasonable, the record only has to demonstrate that the District Court considered both arguments presented by the parties and "'has a reasoned basis for exercising [its] own legal decisionmaking authority.'"  *United States v. Merced*, 603 F.3d 203, 215-16 (3d Cir. 2010) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).  Contrary to Giamo's assertions, the District Court did meaningfully consider the 3553(a) factors, including Giamo's troubled childhood, his extensive criminal planning, and the substantial danger of arson.  Additionally, there is no evidence in the record that the District Court's cursory mention of another arson case was a consideration in its sentencing decision. The District Court appropriately weighed both Giamo's and the Government's arguments in reaching its sentencing decision.

4

The District Court did not abuse its discretion, and Giamo fails to demonstrate that no reasonable district court would have imposed the same sentence for the reasons that the District Court applied. *Tomko*, 562 F.3d at 568. We thus find that the District Court's sentence was not substantively unreasonable.

## IV. Conclusion

This Court has no jurisdiction to review the denial of a downward departure motion. Since we find the sentence substantively reasonable, we will affirm the District Court's sentence.