**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1113
_____

UNITED STATES OF AMERICA

v.

MICHAEL GIAMO,
                            Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 2-11-cr-00620-001)
District Judge: Hon. Michael M. Baylson
_____

Submitted Under Third Circuit LAR 34.1(a)
October 4, 2016
_____

Before: SHWARTZ, GREENBERG, and ROTH, <u>Circuit Judges</u>.
(Filed: November 9, 2016)

_____

OPINION[*]
_____

SHWARTZ, <u>Circuit Judge</u>.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Michael Giamo appeals the District Court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Giamo claims that, had he received effective assistance of counsel, he would have engaged in a proffer with the Government, entered into a guilty plea, and received a lower sentence. We conclude that Giamo has failed to show that he was prejudiced by his counsel's representation and will affirm the District Court's order.

I

A jury convicted Giamo on all eight counts of an indictment related to his participation in an arson-for-hire scheme. Two of the counts[1], use of fire to commit a felony in violation of 18 U.S.C. § 844(h) and malicious damage by fire of a building used in interstate commerce in violation of 18 U.S.C. § 844(i), carried mandatory consecutive prison terms of ten and five years, respectively.

After this Court affirmed Giamo's 192-month prison sentence, see United States v. Giamo, 536 F. App'x 238 (3d Cir. 2013) (not precedential), Giamo, with the assistance of newly appointed counsel, filed a § 2255 petition alleging that his first counsel ("Counsel") failed to explain the Government's pre-indictment plea offer. The District Court ordered the Government to file a response to the petition limited to whether Giamo was prejudiced by the alleged ineffective assistance of counsel and ordered an evidentiary hearing on the pre-indictment plea offer process.

---

[1] The remaining six counts charged mail fraud under 18 U.S.C. § 1341, arson conspiracy under 18 U.S.C. § 844(h), false statement under 18 U.S.C. § 1001, obstruction of justice under 18 U.S.C. §§ 1512(c)(1), 1512(c)(2), and 1505.

2

The evidentiary hearing primarily focused on Counsel's representation of Giamo from August 15, 2011, one week after Giamo's arrest, until October 6, 2011, the day of Giamo's indictment. During that time, Counsel and an Assistant United States Attorney ("AUSA") discussed the following plea offer: if Giamo engaged in a full and complete proffer with the Government and pled guilty to violating § 844(h), then the Government would not charge Giamo with violating § 844(i). This deal would have reduced Giamo's mandatory minimum sentence from fifteen to ten years' imprisonment.

Counsel testified that he met with Giamo several times and discussed the Government's plea offer. After discussing the offer with his client, Counsel arranged for Giamo to engage in a proffer with the Government. On his way to the proffer, Giamo told a federal agent that he wanted to fire Counsel and that he was not going to speak with the Government. Giamo then privately met with Counsel, reiterated that he wanted a new lawyer, and said he would not proffer. Counsel relayed Giamo's positions to the AUSA.

The AUSA asked Counsel if he (the AUSA) could convey the proposed plea offer directly to Giamo because, in accordance with the Speedy Trial Act, the Government needed to promptly present the case to the grand jury and there would not be time to negotiate another pre-indictment plea agreement. Counsel agreed to allow the AUSA to communicate the offer directly to Giamo. The AUSA told Giamo, among other things, that: (1) the Government was planning to charge Giamo with offenses that carried consecutive mandatory minimum prison terms of ten and five years; (2) the Government was proposing a plea offer that would remove the charge that carried a five-year

3

mandatory minimum prison term; (3) the plea offer was conditioned on Giamo proffering that day, telling the Government everything about the scheme, including the whereabouts of the proceeds, and pleading guilty to violating § 844(h); and (4) this was Giamo's last opportunity to avoid an indictment for crimes with the combined fifteen-year mandatory minimum prison sentence. The AUSA testified that Giamo indicated that he understood the Government's offer, but still refused to proffer. After the meeting, the grand jury returned an eight-count indictment, which included charges carrying a mandatory minimum sentence of fifteen years.

At the § 2255 hearing, the District Court provided Giamo with an opportunity to testify as to whether he would have proffered and pled guilty to violating § 844(h). Giamo never explicitly testified that he would have pled guilty to an arson scheme. When asked directly if he was prepared to admit under oath that he participated in an arson scheme, Giamo replied that he "was prepared to plead to anything that would get me under 20 years." App. 167. The Court deemed this answer unresponsive and not credible. Giamo further testified that he would have accepted a plea offer for ten years' imprisonment, but did not answer whether he would have accepted an offer with a minimum of ten years' imprisonment. Giamo also provided an affidavit in which he said that it was his co-conspirator's idea to commit arson and that he had only intended to burglarize the property.

Based on this evidence, the District Court denied Giamo's § 2255 petition because Giamo failed to demonstrate that, absent Counsel's ineffectiveness, he would have

4

entered into a plea agreement with the Government that would have resulted in a lower sentence. Giamo appeals.

II[2]

The right to effective assistance of counsel applies to all critical stages of criminal proceedings, including the negotiation of a guilty plea. Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012). Claims of ineffective assistance of counsel are evaluated under Strickland v. Washington's two-part test. 466 U.S. 668 (1984). Under Strickland, the petitioner must show: (1) the errors by his attorney were so serious that his counsel did not perform the function guaranteed by the Sixth Amendment; and (2) counsel's deficient performance prejudiced the defense. Id. at 687. The petitioner bears the burden to prove both parts of the test. Id. at 693.

Here, the only issue before the Court is whether the District Court correctly found that Giamo failed to satisfy his burden of proving that he was prejudiced by Counsel's representation.[3] To show that prejudice resulted from his Counsel's assistance in the plea bargaining context, a petitioner must demonstrate that "'but for counsel's deficient performance there is a reasonable probability he and the trial court would have accepted the guilty plea' and the resulting sentence would have been lower." Shotts v. Wetzel, 724

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253(a), (c), exercise plenary review over the District Court's legal conclusions, and apply a clearly erroneous standard to the District Court's factual findings. United States v. Travillion, 759 F. 3d 281, 289 (3d Cir. 2014).

[3] The District Court granted a Certificate of Appealability as to whether Petitioner demonstrated prejudice from Counsel's representation during the plea bargaining process and the Government does not dispute that Counsel failed to provide competent assistance. Appellee's Br. at 19-20.

5

F.3d 364, 376 (3d Cir. 2013) (quoting Lafler v. Cooper, 132 S.Ct. 1376, 1391 (2012));

see also Frye, 132 S. Ct. at 1409; United States v. Day, 969 F.2d 39, 45 n.8 (3d Cir.

1992).[4] Giamo fails to meet this standard.

Giamo has not demonstrated there was a reasonable probability that, but for

Counsel's deficient performance, he would have accepted the Government's plea offer.

As discussed above, the Government's offer to Giamo was conditioned on him (1)

pleading guilty to violating § 844(h); and (2) making a satisfactory proffer. The record

does not indicate that Giamo would have admitted that he violated § 844(h). On the

contrary, Giamo has steadfastly insisted that he did not participate in an arson scheme.

The District Court asked Giamo whether he was prepared to admit under oath that he

participated in setting fire to the building and Giamo responded only that he was

"prepared to plead to anything to get [ ] under 20 years." App. 167. The Court deemed

Giamo's answer unresponsive and not credible. The record supports this finding. In his

affidavit, Giamo said that it was his co-conspirator's independent idea to commit arson

and that he had only intended to participate in a burglary scheme. Not only does this

show Giamo was unable to provide a factual basis necessary for a plea to committing an

arson, but it also casts doubt on whether he would have provided a complete and truthful

proffer.

---

[4] The reasonable probability standard "does not require a showing that counsel's actions more likely than not altered the outcome, but the difference between Strickland's prejudice standard and a more-probable-than-not standard is slight and matters only in the rarest case." Harrington v. Richter, 562 U.S. 86, 111–12 (2011) (internal quotation marks omitted).

Giamo also fails to demonstrate that there was a reasonable probability that he would have accepted the Government's plea offer. The offer contemplated a reduction in Giamo's mandatory minimum sentence from fifteen to ten years, but made no promises that the sentence would not exceed ten years. Giamo testified that he would have accepted a plea bargain for ten years' imprisonment, but never stated that he would have accepted a plea bargain with a minimum of ten years' imprisonment.

As a result, the District Court did not err in concluding that Giamo failed to demonstrate with a reasonable probability that he would have accepted the plea offer and it correctly concluded that Giamo did not satisfy <u>Strickland</u>'s prejudice prong.

III

For the foregoing reasons, we will affirm the District Court's order denying Giamo's § 2255 petition.