NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

Nos. 13-2838 & 14-1874

—————————

MARTIN R. TACCETTA,
Appellant

v.

ADMINISTRATOR NEW JERSEY STATE PRISON;
ATTORNEY GENERAL OF THE STATE OF NEW JERSEY

—————————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-09-cv-05508)
District Judge: Honorable Mary L. Cooper

—————————

Argued October 1, 2014

Before: AMBRO, CHAGARES, and VANASKIE, Circuit Judges

(Filed: February 26, 2015)

Steven B. Duke, Esq.          (Argued)
P.O. Box 208215
New Haven, CT 06520

John V. Saykanic, Esquire
1135 Clifton Avenue
Clifton, NJ 07013
        *Counsel for Appellant*

John J. Hoffman, Esq.
   Acting Attorney General of New Jersey
Steven A. Yomtov, Esq.    (Argued)
   Deputy Attorney General of New Jersey
Office of Attorney General of New Jersey
Division of Criminal Justice
P.O. Box 086
25 Market Street
Richard J. Hughes Justice Complex
Trenton, NJ 08625
       *Counsel for Appellees*

Lawrence S. Lustberg, Esq.
Benjamin Z. Yaster, Esq.    (Argued)
Gibbons
One Gateway Center
Newark, NJ 07102
       *Counsel for Amicus Appellant*

_____

OPINION[*]
_____

AMBRO, Circuit Judge

Petitioner Martin Taccetta claims he was deprived effective assistance of counsel when he rejected a plea offer based on bad advice from his attorney.  For the following reasons, we affirm the District Court's denial of habeas relief.

**I.**

In 1991 Taccetta was charged with murder, racketeering, conspiracy to commit racketeering, and theft by extortion.  In 1993 he was offered a plea deal under which he would plead guilty to aggravated manslaughter and racketeering, and which would

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

expose him to a maximum sentence of 20 years with an 8-year parole disqualifier. Under New Jersey law, racketeering is a second-degree offense that can be raised to the first degree if it involves a violent crime. Failing to anticipate that extortion can be a violent crime, defense counsel incorrectly advised Taccetta that he would receive no more than a 20-year sentence with a 10-year parole disqualifier if he were acquitted of murder and the lesser-included homicide offenses. Based on his attorney's counsel, Taccetta refused the plea offer because he did not believe a jury would convict him of homicide. At trial, he was acquitted of homicide but convicted of all other charges. After interpreting extortion as a violent crime, the trial court raised racketeering to a first-degree offense and imposed a life sentence with a 30-year parole disqualifier.

Taccetta filed a petition for post-conviction relief (PCR) in New Jersey state court claiming he received ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). At an evidentiary hearing, Taccetta maintained his innocence concerning the aggravated manslaughter charge, but testified that absent defense counsel's misadvice he would have accepted the plea offer and lied to enter a guilty plea to manslaughter. The PCR court concluded that defense counsel's misadvice was deficient performance under *Strickland*, and that, absent the misadvice, Taccetta would have accepted the plea offer. It thus vacated his conviction and granted a new trial. The Appellate Division affirmed.

The New Jersey Supreme Court reversed and reinstated the conviction. *State v. Taccetta*, 975 A.2d 928, 934–35 (N.J. 2009). According to that Court, Taccetta was legally prohibited under New Jersey law from entering a guilty plea to aggravated

3

manslaughter because he "would have lied under oath" to do so. *Id.* at 935. As a result, counsel's deficient performance did not cause prejudice.

## II.

The District Court had jurisdiction to review Taccetta's habeas petition under 28 U.S.C. § 2254. We have jurisdiction to review the District Court's judgment under 28 U.S.C. §§ 1291 and 2253.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) requires federal habeas courts to "afford considerable deference to state courts' legal and factual determinations." *Palmer v. Hendricks*, 592 F.3d 386, 391–92 (3d Cir. 2010) (quoting *Lambert v. Blackwell*, 387 F.3d 210, 234 (3d Cir. 2004)). We may only grant habeas relief if a state court determination "was contrary to, or involved an unreasonable application of, clearly established Federal law[] as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1), (2).

## III.

Taccetta claims that the New Jersey Supreme Court decision violates *Strickland*, 466 U.S. 668. He first argues that the decision was contrary to clearly established federal law because the Court applied the wrong legal standard of prejudice. The Court, however, correctly stated the standard. It began by identifying *Strickland*'s familiar requirements of deficient performance and prejudice. *Taccetta*, 975 A.2d at 934 (citing *Strickland*, 466 U.S. at 687). It then defined prejudice as "a reasonable probability" that the result of the proceeding would have been different absent the attorney's deficient

4

performance, and it further defined a "reasonable probability" as a "probability sufficient to undermine confidence in the outcome." *Id.* The Court also explained that there is no prejudice when counsel's deficient performance deprives the defendant from exercising a "right" he "does not have." *Id.* at 934–35. Its language tracks *Lockhart v. Fretwell*, 506 U.S. 364 (1993), which explains that prejudice "focuses on . . . whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Id.* at 372. Unreliability and unfairness "do[] not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* We cannot conclude that the New Jersey Supreme Court gave an incorrect standard of prejudice.

Taccetta next argues that the New Jersey Supreme Court's decision unreasonably applied the prejudice standard. But the Court held under New Jersey law that Taccetta was legally prohibited from pleading guilty to aggravated manslaughter in 1993 because he "would have lied under oath" to do so. *Taccetta*, 975 A.2d at 935. We cannot review this determination of state law by a state court, *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991), and Taccetta asserts no federal right to plead guilty in this circumstance. Thus it was not unreasonable to conclude that Taccetta failed to show prejudice if counsel's deficient performance merely deprived him of the opportunity to do something that would have been legally prohibited. *See Nix v. Whiteside*, 475 U.S. 157, 175 (1986) (a defendant who is "compelled to desist from perjury . . . has no valid claim that confidence in the result of his trial has been diminished" and thus cannot claim prejudice).

5

Taccetta also contends that the New Jersey Supreme Court decision was based on an unreasonable determination of fact that he would have lied while entering a guilty plea to manslaughter. As he points out, it may have been *possible* to enter a guilty plea to manslaughter without lying. But we cannot conclude the New Jersey Supreme Court's factual determination was unreasonable because Taccetta testified at the PCR hearing that he would have lied to enter the guilty plea, and the PCR court confirmed this admission.

**IV.**

Taccetta next argues that the New Jersey Supreme Court decision was contrary to clearly established federal law because it created an unconstitutional tension between the Fifth and Sixth Amendments. On the one hand, if Taccetta did not maintain his innocence at the PCR hearing and was later granted habeas relief, the prosecution could use his testimony at the hearing as evidence of guilt in a subsequent trial. On the other, if he maintained his innocence, Taccetta would be denied relief on the ineffective-assistance-of-counsel claim. He thus argues that the New Jersey Supreme Court required him to choose between his Sixth Amendment right to effective assistance of counsel and his Fifth Amendment right to a fair trial.

Although we are concerned by this consequence of the Court's decision, Taccetta fails to show it violates "clearly established federal law[] as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). He primarily relies on *Simmons v. United States*, where the United States Supreme Court held that a defendant's testimony in support of a motion to suppress was inadmissible to prove guilt at trial. 390 U.S. 377, 394 (1968). This was because it would be "intolerable" to require a defendant to

6

"surrender[]" the right against self-incrimination in order to assert the Fourth Amendment right against unreasonable searches. *Id.* But the Supreme Court later expressed skepticism about *Simmons*'s reasoning, *McGautha v. California*, 402 U.S. 183, 212–13 (1971), *vacated*, 408 U.S. 941 (1972),[1] and acknowledged that its application to the right to counsel is an open question, *United States v. Kahan*, 415 U.S. 239, 243 (1974). Taccetta has therefore failed to show that any constitutional tension created by the New Jersey Supreme Court's opinion violated clearly established federal law as determined by the United States Supreme Court.[2]

---

[1] *McGautha* was vacated on unrelated grounds after *Furman v. Georgia*, 408 U.S. 238 (1972), which established a national moratorium on capital punishment.

[2] Taccetta also raises a claim under the First Amendment, but it was not argued before the District Court and is waived.