**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 14-1758

———————

MISAEL CORDERO,
                              Appellant

v.

CHARLES E. WARREN, JR.

———————————————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-11-cv-06114)
District Judge:  Honorable Jose L. Linares

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 6, 2016
Before:  CHAGARES, KRAUSE and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 22, 2016)

———————

OPINION[*]

———————

PER CURIAM

    Pursuant to our grant of a certificate of appealability ("COA"), Misael Cordero

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

appeals from the District Court's order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We will vacate the District Court's order as to the claim on which we granted a COA and will remand for further proceedings.

I.

In 2002, a New Jersey jury found Cordero guilty of first-degree murder for orchestrating a drug-related killing in 1991. The trial court sentenced him to life imprisonment with 30 years of parole ineligibility. The trial court also awarded him 3,247 days of so-called "gap-time" credit under N.J. Stat. Ann. § 2C:44-5(b)(2). It appears that this award was meaningless, however, because gap-time credit may be applied only against a determinate sentence and not against a sentence of life imprisonment.[1] Cordero unsuccessfully appealed and sought postconviction relief in state court before filing the federal habeas petition at issue here.

Among the claims he raised was a claim that his trial counsel rendered ineffective assistance by failing to advise him on the gap-time issue during plea negotiations. In particular, Cordero claims that the prosecutor offered him a plea to manslaughter and other charges that would have resulted in a sentence of 15 years of imprisonment with five years of parole ineligibility. Cordero further claims that he would have accepted that plea if counsel had advised him that he would receive the gap-time credit (totaling over

---

[1] The parties have cited no authority to this effect, but the trial court later wrote that it "was fully aware when sentencing the defendant that gap-time would not provide him any practical benefit" in light of his life sentence (ECF No. 12-4 at 3), and the State asserts that "gap-time credits . . . do not reduce a life sentence." (Appellee's Br. at 16.)

eight years) against that 15-year sentence but would lose its benefit if convicted and sentenced to life imprisonment. (ECF Nos. 1 at 4; 1-4 at 27; 33 at 8, 36-37.)

The District Court denied Cordero's petition on the merits but, in doing so, it did not address this claim. Cordero appealed pro se, and we granted a COA on this claim as follows:

> Appellant's application for a certificate of appealability is granted as to the second aspect of his first claim that counsel rendered ineffective assistance during plea bargaining—i.e., his claim that counsel failed to advise him on operation of the "gap-time" credit under N.J. Stat. Ann. § 2C:44-5(b)(2) during plea negotiations and that he would have accepted a plea offer of fifteen years in prison with five years of parole ineligibility if counsel had properly advised him that he would receive gap-time credit against that sentence but would lose the gap-time credit if convicted of first-degree murder and sentenced to life imprisonment after trial. See Lafler v. Cooper, 132 S. Ct. 1376, 1384-85 (2012); United States v. Day, 969 F.2d 39, 42-45 (3d Cir. 1992). We conclude that this claim, which it appears the District Court did not address, is adequate to deserve encouragement to proceed further. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In addition to such other issues as the parties may wish to raise regarding this claim, the parties are directed to address in their briefs (1) when and how appellant first raised this claim in state court and whether it is subject to any procedural bar in light of the time or manner in which appellant did so, and (2) whether this claim was "adjudicated on the merits" in state court for purposes of 28 U.S.C. § 2254(d).

Following our grant of a COA, the Court appointed counsel to represent Cordero on appeal. Cordero, however, ultimately filed a motion to discharge counsel and to proceed pro se. The Court granted that motion. Cordero has briefed this appeal pro se, and it is ripe for disposition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).

## II.

As our grant of a COA suggests, this claim presents several substantive and

3

procedural issues.  Having reviewed the parties' briefing on those issues, we conclude that the District Court should address them in the first instance.  Thus, we will vacate the District Court's order denying Cordero's habeas petition to the extent that it did not address this claim and will remand for further proceedings.  To assist with proceedings on remand, we will briefly address four issues that the parties raise and explain why we do not find them dispositive at this stage.

First, Cordero concedes that this claim is procedurally defaulted because his postconviction relief ("PCR") counsel did not raise it before the PCR court.  He argues, however, that PCR counsel's failure to do so constitutes cause to excuse the default under Martinez v. Ryan, 132 S. Ct. 1309 (2012).  The State has not addressed Cordero's argument under Martinez and instead appears to suggest that Cordero can still raise this claim in a second PCR petition.  As Cordero argues, however, it would appear that any second PCR petition would be barred by the provisions of N.J. Court R. 3:22-12.  Thus, although we express no definitive opinion on this point, it would appear that this claim is procedurally defaulted and that the District Court (unless it otherwise disposes of this claim) should address Cordero's argument regarding Martinez.[2]

---

[2] The State also argues that this claim (and Cordero's entire petition) is untimely.  The District Court already has rejected that argument (ECF No. 35 at 18 n.2), and we see no need to revisit it.  Even if the State's legal theory regarding statutory tolling were correct (which we do not decide), we agree with Cordero that his petition remains timely when giving him the benefit of the periods for appealing the denial of his PCR petition to the Appellate Division and for seeking certification from the New Jersey Supreme Court. The State did not include those periods in its calculation.

Second, the State argues that this claim lacks merit because, at the PCR hearing, Cordero "maintained his innocence and stated that he was not interested in a plea." (Appellee's Br. at 15.) Cordero denies that he asserted his innocence at the PCR hearing, which he may or may not have done.[3] Regardless, as Cordero also argues, the State's assertion that he testified that "he was not interested in a plea" appears to misstate the record. The State has not cited any portion of the record in which Cordero made such a statement, and we have located none. As Cordero further argues, an assertion of innocence, though certainly relevant, is not necessarily conclusive proof that a defendant would not have accepted a plea. See, e.g., Griffin v. United States, 330 F.3d 733, 738 (6th Cir. 2003).

Third, the State argues that the trial court could not have accepted a guilty plea from Cordero in light of his assertion of innocence because New Jersey does not permit pleas of nolo contendere and New Jersey courts are required to reject guilty pleas accompanied by protestations of innocence. Even assuming that the State is right on those points, Cordero's potential assertion of innocence during his PCR hearing does not necessarily suggest that he would have attempted to maintain his innocence while

---

[3] The State relies solely on four lines of the PCR transcript in which Cordero, in testifying about why he believed that further investigation would have bolstered his defense, answered "yes" to the following question: "Because you—you never—You've always stated that had nothing to do with this murder. Is that correct?" (N.T., 5/2/08, at 92; ECF No. 31-4 at 93.) Cordero's testimony that he previously asserted his innocence is not necessarily tantamount to an assertion of his innocence again.

pleading guilty years before.[4]

Finally, the State argues that Cordero cannot show prejudice on this claim because the trial court awarded him 3,247 days in gap-time credit following his trial. Thus, the State argues, "[w]hether [Cordero] pled guilty or was found guilty by a jury, he would have received the same amount of gap-time credit." (Appellee's Br. at 16.) But Cordero's claim is not that he would have received more gap-time credit if he pleaded guilty. Instead, Cordero's claim is that he actually could have used the gap-time credit, and against a lesser sentence.

Cordero was sentenced to life imprisonment and thus lost the practical benefit of over eight years in gap-time credit that the trial court awarded. He claims that he would have been entitled to the same gap-time credit against the 15-year sentence that he claims the prosecutor offered. He further claims that, if counsel had so advised him, he would

---

[4] The State does not otherwise develop any argument on this point, but it cites State v. Taccetta, 975 A.2d 928 (N.J. 2009). In that case, the New Jersey Supreme Court held that, as matter of state law, PCR relief is not available on a claim of the kind at issue here if the petitioner testifies at the PCR hearing that he is innocent but that he would have committed perjury in admitting guilt in order to plead guilty. See id. at 934-36. A Panel of this Court later held that the New Jersey Supreme Court's ruling was not contrary to clearly established federal law for purposes of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See Taccetta v. Adm'r N.J. State Prison, 601 F. App'x 165, 168-69 (3d Cir.) (not precedential), cert. denied 136 S. Ct. 187 (2015). The Panel's decision in Taccetta, in addition to being non-precedential, is not controlling for at least two reasons. First, Taccetta involved AEDPA deference. If the District Court reaches the merits of Cordero's claim in this case, it arguably should review the claim de novo (an issue that we leave to the District Court to decide if necessary in the first instance). Second, Cordero's single potential assertion of innocence at the PCR hearing in this case bears little resemblance to the express and repeated testimony of the petitioner in Taccetta that he was innocent but would have perjured himself in order to take a plea.

have accepted the plea. If Cordero can show a reasonable probability that he would have accepted the plea and that the trial court would have approved it and sentenced him to something less than life imprisonment as a result, then he can establish prejudice. See Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012).

III.

For these reasons, we will vacate the District Court's order denying Cordero's habeas petition to the extent that it did not address the claim discussed herein and will remand for further proceedings. We express no opinion on the merits of this claim and are remanding solely for the District Court to address it in the first instance. In addition to the issues discussed above, the District Court is free to consider such other issues as may prove relevant on remand.