**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2276
_____

MISAEL CORDERO,
                                        Appellant

v.

ADMINISTRATOR NEW JERSEY STATE PRISON
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-11-cv-06114)
District Judge:  Honorable Jose L. Linares
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 2, 2021

Before: AMBRO, PORTER and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 8, 2021)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Misael Cordero appeals from the District Court's order denying his habeas petition, in which he sought relief from his New Jersey conviction of first-degree murder. We will affirm.

I.

The relevant background of this case is set forth in Cordero v. Warren, 673 F. App'x 254 (3d Cir. 2016). In that appeal, we remanded for further proceedings on Cordero's claim that his counsel rendered ineffective assistance by failing to advise him on his eligibility for "gap-time" sentencing credit. Cordero claimed that this failure caused him to reject plea offers that he otherwise would have accepted.

On remand, the District Court allowed Cordero to assert a related claim that his counsel also failed to recognize that certain charges were barred by the statute of limitations and that this failure contributed to his rejection of plea offers as well. The court appointed counsel for Cordero and held an evidentiary hearing on these claims. At that hearing, it heard testimony from Cordero, the two lawyers who represented him pretrial and at trial, and Cordero's prosecutor. The court also received documentary exhibits.

The primary dispute at the hearing was whether Cordero's prosecutor even offered Cordero a plea that he could have accepted. Cordero testified that his prosecutor offered him three separate pleas. Cordero's prosecutor, by contrast, testified that he did not remember offering Cordero any plea, that he would not have done so in this case, and that

2

he was comfortable proceeding to trial. Cordero's two counsel likewise testified that they did not remember receiving a plea offer or even engaging in any serious plea discussions.

Following the hearing, the parties submitted proposed findings and conclusions and the District Court ultimately denied Cordero's claims on the merits. The court did so on the basis of its factual finding that Cordero's prosecutor never offered Cordero a plea that he could have accepted. It based that finding largely on the determination that the testimony of Cordero's prosecutor on that point was credible but that Cordero's was not.

Cordero appeals. A motions panel of our Court granted his request for a certificate of appealability as set forth in the margin.[1] We then appointed counsel for Cordero, who filed an opening brief and a motion to expand the record on appeal. Cordero later elected to proceed without counsel and filed a reply brief pro se.

## II.

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). As our certificate of appealability indicates, we review the District Court's factual findings following an evidentiary hearing only for clear error. See Ross v. Varano, 712 F.3d 784, 795 (3d Cir.

---

[1] The order reads:

> Appellant's request for a certificate of appealability is granted as to his claims that his counsel provided ineffective assistance in connection with alleged plea offers by failing to advise appellant that (1) he was eligible for "gap[-]time" credit and (2) his non-homicide charges were barred by the statute of limitations. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). The District Court denied these claims on the basis of its factual finding that appellant's prosecutor did not offer him a plea, and jurists of reason could debate whether that finding was clearly erroneous. See Buck v. Davis, 137 S. Ct. 759, 73-74, 77 (2017); Anderson

2013). A finding is clearly erroneous only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessmer City, 470 U.S. 564, 573 (1985) (quotation marks omitted). Thus, we may not reverse the District Court's finding if it is "plausible in light of the record viewed in its entirety." Id. at 574. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Id. Clear error review is particularly deferential when the District Court bases its findings on credibility determinations. See id. at 575.

In this case, Cordero has largely failed to acknowledge the District Court's credibility determinations, let alone raised anything suggesting that they are clearly erroneous. Cordero does raise five other arguments that we will address. Only the first two directly challenge the District Court's reasoning, and all of them lack sufficient merit.

First, Cordero faults the District Court for relying on the lack of any documentation of the alleged plea offers. Cordero argues that there could have been no such documentation because witnesses testified that Essex County prosecutors reduced plea offers to writing only if the parties reached an agreement, which the parties here of course did not. But the District Court was well aware of that testimony, which it discussed at length in its opinion. It merely noted that Cordero offered no documentary evidence of a plea and that the only documentary evidence of plea negotiations consisted

_____

v. City of Bessmer City, 470 U.S. 564, 573-75 (1985).

of a letter from the prosecutor to the second of Cordero's counsel  <u>rejecting</u> a basis for any plea negotiations.[2]  In the absence of credible testimony supporting the existence of a plea offer, the District Court did not err in looking for some kind of documentary evidence, which might not necessarily have been a writing by the prosecutor.

Second, Cordero argues that the District Court "disregarded" a statement that Cordero's second counsel made at sentencing.  The statement in question is in the margin.[3]  The District Court did not discuss that statement in its opinion.  Far from "disregarding" that statement, however, it actually quoted it at the hearing and then explained "[t]hat doesn't mean that there was an offer made."  (ECF No. 85 at 171.)  That conclusion is not clearly erroneous.  Counsel's reference to the possibility of "some plea bargain" does not show that an offer was made.  To the contrary, counsel's statement that

---

[2] The letter reads:

> During a recent discussion concerning a possible plea deal to the charges pending against your client, Misael Cordero, you indicated that a condition of Mr. Cordero considering any plea is that the State agree to dismiss the charges against numerous co-defendants.  I write this letter to inform you that those terms are unacceptable to the State.  Therefore, the State is unable to continue plea negotiations under those terms.  Thank you for your cooperation.

(Supp. App'x at Ra10.)

[3] The statement was:

> Your Honor knows that at any time Mr. Cordero could have, if he wished to, pled—to some—entered into some plea bargain if back when he was willing to say [co-defendant] Ruiz was involved, if he was willing to say [co-defendant] Lane in the other case was involved.  And to benefit himself.  He's not going to do that.

(App'x at 1027a.)

Cordero could have pleaded if he was willing to implicate his co-defendants is consistent with the prosecutor's letter refusing even to engage in plea negotiations under Cordero's condition that the charges against those co-defendants be dismissed.

Third, Cordero argues that the State never contested the existence of a plea offer until the first day of the hearing in this case. The State, however, never affirmatively conceded or admitted that it made Cordero a plea offer. Nor did it successfully assert any position that is inconsistent with the position it ultimately took below. Cordero does not cite any authority in support of this argument and does not otherwise argue for the application of any legal doctrine under which the State should be deemed to have conceded the point or should be estopped from contesting it under these circumstances. We are aware of none. Cf. MD Mall Assocs., LLC v. CSK Transp., Inc., 715 F.3d 479, 486-87 (3d Cir. 2013) (discussing judicial estoppel).

Fourth, Cordero asks to expand the record on appeal with three preliminary hearing transcripts that he did not present to the District Court but that his appellate counsel obtained after Cordero filed this appeal. He argues that these transcripts conclusively show that his prosecutor offered him a plea. They do not.[4] Nor has Cordero

---

[4] Cordero argues that the transcripts show that his counsel and the prosecutor "tried everything" and made "all efforts" to resolve the case with a plea. The statements in question were general statements made by the trial court when inquiring into scheduling matters. (App'x at 1206a, 1213a.) They did not refer to any specific offers or negotiations. The only specific reference to possible plea discussions was a statement by the prosecutor in response to a question from the trial court about whether the State had offered or would accept a plea making Cordero's sentence concurrent with the sentence he was then serving. The prosecutor responded: "Well, we—we—we talked about

otherwise shown any "exceptional circumstance" that might warrant a departure from the general rule that appeals are decided only on the District Court record. Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 226 (3d Cir. 2009). Among other things, Cordero has not shown any compelling reason for failing to obtain these transcripts and present them to the District Court before. See Burton v. Teleflex Inc., 707 F.3d 417, 436 (3d Cir. 2013).[5] Thus, although we have considered these transcripts in reaching our disposition, see Acumed, 561 F.3d at 225, 227, they do not provide a basis for relief and we will deny Cordero's motion to expand the record.

Finally, Cordero relies on United States v. Gordon, 156 F.3d 376 (2d Cir. 1998) (per curiam), for the proposition that his claims have merit even in the absence of any plea offer. In that case, the court rejected the argument that a similar claim failed for lack of a "formal plea offer" because, in the absence of sound advice regarding sentencing

running all of them together. I mean, not necessarily concurrent." (App'x at 1220a.) This statement suggests that the parties may have engaged in some kind of plea discussions, but it does not establish that the prosecutor made the specific offers to which Cordero testified. Nor does it otherwise undermine the District Court's analysis. To the contrary, on the very next page, counsel for one of Cordero's co-defendants advised the trial court that "[w]e haven't received a plea offer," and the trial court responded that, in its experience, "the state doesn't make plea offers" unless the defendant shows some "inclination to plead." (App'x at 1221a.) That statement is consistent with the evidence that Cordero's prosecutor did not offer him a plea in this case.

[5] Cordero argues that he had no reason to present these transcripts below because the State never contested the existence of a plea offer until the first day of the hearing. Even if that were a valid excuse for failing to present these transcripts at or before the hearing, which we do not decide, it does not explain Cordero's failure to present or even mention them during the seven months between the hearing and the District Court's decision.

exposure, the defendant "did not have accurate information upon which to make his decision to pursue further plea negotiations or go to trial." Id. at 380.

Cordero, however, did not meaningfully develop any claim or argument in this regard in the District Court and has not done so on appeal. To the contrary, Cordero's claim has always been that his prosecutor made specific plea offers and that he declined those specific offers because of counsel's bad advice. The District Court found as a fact that the prosecutor never made those offers, and that finding is not clearly erroneous. Cordero did not develop any claim that his counsel's advice influenced the pursuit of plea negotiations more generally. As a result, he did not produce any evidence in support of such a claim. Thus, this case provides no occasion to consider the circumstances in which a claim like Cordero's might be viable in the absence of an actual plea offer.[6]

### III.

For these reasons, we will affirm the judgment of the District Court. Cordero's motion to expand the record on appeal is denied.

---

[6] We also note that, although the Government argued in Gordon that there had been no "formal plea offer," evidence in that case—including statements by the Government in court—showed that the Government did make a specific plea offer that the defendant rejected. See Gordon, 156 F.3d at 377-78. There is no such evidence in this case apart from Cordero's own testimony, which the District Court found not credible.